## No. 10,754.

## FRANK T. COPP VS. LOUISVILLE AND NASHVILLE RAILROAD COMPANY.

A legal or equitable right, under State Laws, may be presented before State Courts, and where the [parties reside in different States, before Federal Courts, *subject* to this qualification, that, when a right arises under a law of the United States, Congress may give the Federal Courts exclusive jurisdiction.

If an act of Congress gives a penalty to a party aggrieved without specifying a remedy therefor, it may be enforced in a State Court; but if a right is conferred by statute, and a specific remedy is provided, or a new power and means of execution are granted, the right can be enforced *only* in the mode provided in the act.

A party who seeks damages alleged to have been sustained in consequence of the violation by a common carrier, of the Interstate Commerce Law, as the act provides for redress by procedure either before the Commission or by suit before the Federal Court, can not bring suit before the State Court, which is without jurisdiction to enforce the right, but is relegated exclusively to the Commission or the Federal Court; otherwise, the party would have a *third* alternative or mode of redress, not contemplated by the act, by which he is restricted to one of *two* remedies.

A PPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

---

*B. R. Forman* for Plaintiff and Appellant:

The State Courts have jurisdiction (concurrently with the U. S. Circuit Courts), of all suits of a civil nature, when the amount in dispute exceeds $2000, arising under the Constitution and Laws of the United States, including the act to regulate commerce as one of those laws. 24 Statutes at Large, p. 552, year 1887; Claflin vs. Houseman, assignee, 93 U. S. 130; Eyster vs. Gaff, 91 U. S. 525; McHenry vs. La Societe Francaise, 95 U. S. 58; Davis vs. Friedlander, 104 U. S. 570; Goodrich vs. Wilson, 119 Mass. 429; Hidder vs. Horobin, 72 N. Y. 159; Clark vs. Ewing, 3 Fed. Reports, 83; Saunders vs. Taylor, 6 N. S. 520.

---

*Bayne, Denegre & Bayne* for Defendant and Appellee:

1. Where a right arises under a law of the United States, Congress may, if it sees fit, give to the Federal Courts exclusive jurisdiction.
   Jurisdiction is sometimes exclusive by express enactment, and sometimes by implication.
2. When a right is given by statute, and a specific remedy provided, or a new power and also the means of executing it are therein granted, the power can be executed and the right vindicated in no other way than that prescribed by the act. Sutherland on Statutory Construction, Section 399; Dudley vs. Mayhew, 3 N. Y. 9.
3. The Interstate Commerce Act providing that remedies thereunder must be sought in the United States Court or before the Interstate Commerce Commission, but not in both, by necessary implication excludes the idea of jurisdiction in any other tribunals. The act confers the rights and provides the remedy and means of enforcement.

---

The opinion of the court was delivered by

BERMUDEZ, C. J. This is an appeal from a judgment sustaining a plea to the jurisdiction of a State Court, relegating the plaintiff to that of a Federal Court.

The action arises under the Act of Congress known as the *Inter State Commerce Act*, and is for the recovery of damages for averred un-

lawful discrimination by defendant injurious to plaintiff, for the transportation of coal from another State for several years. V. 24, Statutes at Large, p. 552, Sec. 9.

The section relied on is to the effect that any person or persons claiming to be damaged by any common carrier, subject to the provisions of this act, may *either* make complaint to the Commission as hereinafter provided for, *or* may bring suit in his or their own behalf for the recovery of damages, for which such common carrier may be liable under the provisions of this act, in any District or Circuit Court of the United States of competent jurisdiction; but such person or persons shall not have the right to pursue both of said remedies, and must in each case elect which one of the two methods of procedure herein provided for he or they will adopt.

After referring to the ruling of the United States Supreme Court in the case of Clafflin, 93 U. S., 136-7, which is in point on the question, the District Judge has well said:

"The general rule is that where a particular remedy is provided by law, such remedy must be sought to the exclusion of all others, in the cases contemplated by the Statute; otherwise a person claiming injury under the Act of Congress, instead of being compelled to elect which one of the *two* methods of procedure provided by the act he will adopt will be afforded a *third* alternative not contemplated or provided for by the said act, and this, in violation of its express terms whereby he is limited to a choice between *two* remedies."

The authority referred to contains the following language:

" A legal or equitable right, acquired under the State Laws, may be prosecuted in the State Court, and also, if the parties reside in different States, in Federal Courts. So rights, whether legal or equitable, acquired under the laws of the United States, may be prosecuted in the United States Courts, or in the State Courts, competent to decide rights of the like character and class, *subject* to this qualification, that where a right arises under a law of the United States, Congress may, if it see fit, give to the Federal Courts exclusive jurisdiction.

" This jurisdiction is sometimes exclusive by express enactment, and sometimes by implication. If an Act of Congress gives a penalty to a party aggrieved without specifying a remedy for its enforcement, there is no reason why it should not be enforced if not pro-

33

vided otherwise, by some Act of Congress, by a proper action in a State Court."

In the instant case the right asserted by the plaintiff is claimed under an Act of Congress which specifies the remedy for its enforcement.

This circumstance suffices to evidence that Congress saw fit to give the Federal Courts exclusive jurisdiction. The motive which induced such legislation may have been, and no doubt is, to create one entire and one complete system, and provide for the necessary uniform machinery to make it effective on an important and vital subject of national interest.

See further Sutherland on Stat. Const., Sec. 399; Dudley vs. Mayhew, 3 N. Y., 9; 4 Wallace, 429; 1 Wheat., 334; 13 Wall. 236. The authorities referred to by the appellant, do not sustain his position.

Judgment affirmed.