PROVOSTY, J.
During the late war the Stuyvesant Docks were guarded by men armed with shotguns loaded with No. 4 bird shot. One of these guards, desiring to clean his gun, requested an inspector; to unload it for him, and while the inspector was in the act of so doing the gun went off accidentally, and three of the shots, ricochetting from the ground, struck plaintiff, who was passing on the street.
*415 The Stuyvesant Docks were part of the Illinois Central Railroad system, and in charge of the Director General of Railroads of the United States, and the said inspector was one of the employes in the railroad service.
Plaintiff was a sailor in the United States navy, and was on the way to his ship.
One of his eyes was put out, and he suffered greatly from the wounds.
I-Ie alleges negligence, and sues the Direct- or General in damages.
There is a defense of absence of negligence, which we may say, in passing, we do not com sider to be well founded.
Another defense is that the injuries were received “in' line of duty,” and that by the act of Congress establishing the Bureau of War Risk Insurance, and the acts amending it (the said acts being Sept. 2, 1914, c. 293, § 302; Oct. 6, 1917, c. 105, § 2, 40 Stat. 400; June 25, 1918, c. 104, §§ 12, 13, and 14, 40 Stat. 012; Aug. 6,1919, c. 33, 41 Stat. 274; and Dee. 24, 1919, c. 16, 41 Stat. 371), all soldiers and sailors injured while in the discharge of their duties must present their claims to the said Bureau of War Risk Insurance for payment, and this remedy is exclusive.
Paragraph 300 of said act of September 2, 1914, as added by Act Oct. 6, 1917 (U. S. Comp. St. Ann. Supp. 1919, § 514qqq), provides’:
“Eor death or disability resulting from personal injury suffered or disease contracted in the line of duty, by any commissioned officer or enlisted man * * * in the active service of the War Department or Navy Department, the United States shall pay compensation as hereinafter provided. * * * ”
Plaintiff contends that this remedy is not exclusive, but that an action in damages lies under article 2315 of the Civil Code of this state; his learned counsel say that this section 300 must be read in connection with section 313 of the same act (U. S. Comp. St. Ann. Supp. 1919, § 514tttt), providing that:
“If an injury or death for which compensation may be payable under this article is caused under circumstances creating a legal liability upon some person, other than the United States”
—the director of the Bureau of War Risk Insurance may, as a condition to payment of compensation under the act, require the beneficiary to assign to the United States his right of action against such third person; and that, if he has already recovered from such third person, any amount so recovered shall be deducted from the amount to be paid him under the act.
We fail entirely to see wherein this provision of section 313 can affect the principle that—
“Where a right is conferred by a statute and a specific remedy for enforcing that light is provided, that relief can be had only in the mode provided for in the act.” Copp v. L. & N. R. R. Co., 43 La. Ann. 511, 9 South. 441, 12 L. R. A. 725, 26 Am. St. Rep. 198; Claffin Case, 93 U. S. 136, 23 L. Ed. 833.
If plaintiff had this remedy by suit in damages he would have against the government two remedies: One in damages; and one under said act. The government has not so provided; but has provided only the one remedy under said act.
In the trial court, an exception of no cause of action, which had been referred to the merits, was, after trial on the merits, sustained.
Judgment affirmed.