## W. H. RHODES, Respondent, *v.* J. F. O'FARRELL, Appellant.

A judgment which is personal against the tax-payer, and *in rem* against real estate, is a debt within the purview of the Act of Congress, which makes certain United States notes a legal tender for debts.

A debt is a legal obligation or liability to pay a sum certain, and may arise from contract as from some liability imposed by law, and not arising out of contract in its more limited sense. Per Beatty, J.

If a more extended definition is given to the term contract so as to include all judgments within that term, then it must also include the liability to pay taxes. Per Beatty, J.

All judgments for money, and all taxes payable in money, and for which an action might be brought against the delinquent, are debts. Per Beatty, J.

The State may impose taxes payable in gold, where no debt is created.

She may impose stamp duties and not part with the stamps until the purchaser pays gold for them. She may require license to be taken out and not issue such license until it is paid for in gold. But all judgments in favor of the State are debts, and may be paid in paper. Beatty, J.

Taxes are not debts within the purview of the Act of Congress referred to. Per Brosnan, J.

But if the State goes into Court and obtains a judgment for these taxes against the person of the tax-payer, this personal judgment becomes a debt, and like other debts may be discharged in paper. Per Brosnan, J.

APPEAL from the District Court, First Judicial District, Hon. R. S. Mesick presiding.

The facts are stated in the Opinion.

*D. Corson*, for Appellant.

*W. H. Rhodes*, for Respondent.

Opinion by Beatty, J.

In this case a judgment was obtained against Rhodes and his interest in a certain piece of real estate for some two hundred and

forty-eight dollars, sixty-six cents, due for taxes on said real estate for the year 1865. Rhodes tendered to the defendant, who is Tax Collector for Storey County, the amount of the judgment and costs in United States legal tender notes. Defendant refused to accept them, the judgment rendered being in form for gold coin.

Thereupon Rhodes filed his bill to stay the sale under execution, and compel the defendant to accept the legal tender notes. The Court below ordered the defendant to accept the notes and satisfy the judgment. Defendant appeals to this Court.

The only serious question for this Court to determine is whether a judgment for taxes which is both a personal judgment against the tax-payer, and in the nature of a judgment *in rem* against his real estate, is a debt within the purview of the Act of Congress which declares such notes shall be a legal tender for all debts public and private.

In the case of *Perry* v. *Washburne*, (20 Cal. 318) the counsel for respondent cites various authorities (see page 333) to show that taxes are not debts.

A portion of these authorities are not within our reach, but I have examined all to be found in the State Library, and none of them either establish, or in my judgment, tend to establish such a proposition.

Chief Justice FIELD, in delivering the opinion of the Court in the same case, says : " Taxes are not debts within the meaning of the Act of Congress which declares that Government notes shall be a legal tender for all debts, public and private."

He then asserts that a debt is a sum of money due by contract express or implied, and argues taxes are not due by contract. If his premises were correct I should not be disposed to question his deduction.

But I am clearly of the opinion debts are not confined to obligations for the payment of money arising on contract. As I understand the term debt, it means an obligation or legal liability to pay a sum certain, and it makes no difference how that liability arises, whether it be by contract or is imposed by law without contract. Whether such an obligation or liability should be evidenced by a promissory note, or a judgment rendered for trespass or slander, whenever it becomes a legal liability for a definite sum of money

Rhodes *v.* O'Farrell.

due from one person, corporation or government, to another, it is technically a debt. Some authors have held that all judgments (even a judgment for slander) are contracts, because the law presumes an implied promise on the part of those against whom the judgment is rendered to pay the same. Others in defining contracts confine the term to those obligations and promises which are the result of mutual and voluntary agreement, and do not include judgments within the class of contracts.

But settle this proposition as you may, it does not change this case. If the word contract is to have such an extensive signification as to include all judgments it would certainly include taxes, for it would certainly be as reasonable to suppose the law raises an implied promise on the part of a tax-payer that he will pay what is due to the State, as that he will pay a judgment which was rendered against him for slander, trespass, or any other *tort*. If, however, we give a more limited and restricted meaning to the term contract, then there are many debts which are not the result of contracts.

All judgments for *money* are debts under any definition of that word given in the books, and the writer of this opinion thinks all taxes which are payable in money, become fixed in amount, and may be the foundation of a personal action against the tax-payers, are debts, and as such may be discharged by the tender of the United States legal tender notes.

That the State may impose taxes that could not be paid in United States notes, I do not question. She may impose stamp duties and sell the stamps only for gold. In such case, if the stamps are not delivered until the gold is paid, there is no debt. So the State may impose licenses on certain business, and require all persons before following such business to pay a license in gold. If the license is not issued until the gold is paid, there is no debt. The State, like all individuals, is bound to take paper for a *debt*. But an individual is not bound to sell any commodity for paper. A flour merchant may refuse to sell his flour for paper or for gold. He may refuse to part with his flour unless he gets horses or cows in exchange. If no credit is given, he will have no difficulty in carrying out his intention. But if it ever becomes necessary to enforce a liability

by a money judgment against the delinquent, that judgment becomes a debt and may be paid in paper.

Respondent ought not to be restrained from selling unless the tender is kept good.

As it does not appear from the transcript whether that has been done or not, the Court will retain this case until that is ascertained. Upon the respondent producing satisfactory evidence, either by receipt of appellant, or by the certificate of the Clerk, that he has either paid the money tendered to the appellant, or that he has deposited it in Court subject to the disposal of the appellant, the judgment of the Court below will be affirmed, with costs.

## Opinion by BROSNAN, J.

From so much of the opinion of my brother BEATTY as holds, or in the slightest degree intimates, that *taxes* are *debts* within the purview of the Act of Congress declaring notes to be a legal tender for all debts public and private, I most respectfully dissent. A tax fails to possess any of the characteristics of a debt, as that term is usually understood when used in statutes, or even in its more enlarged acceptance in law generally.

It is not incurred or created with the consent of the tax-payer. Indeed it is often imposed upon him *in invitum.* Nay, more, it is sometimes imposed upon him by the votes of majorities, themselves not tax-payers, and that too for objects to which the tax-payer may be opposed.

A tax is not the subject of attachment or set-off as an ordinary debt. It is a duty, a pecuniary charge imposed by Government for public purposes, whether the subject is willing or not. He has no option to decline the burden. Its existence depends upon legislative power and action, and is obligatory without the assent of the individual. I submit that I am supported by the authorities in this view. It was so decided by the Supreme Court of California. (20 Cal. 318.). (See also, to the same point, 3 Metc. 520; 11 Metc. 135; 5 Gray, 533.)

The case in 3 Metcalf was this: A schoolmaster had a claim against the City of Boston, which he assigned. The assignee brought suit, and the defendant attempted to set off a tax which had been assessed upon him. The set-off was not allowed, on the

ground that the tax was not a debt due by contract nor by judgment. This was recognized as good law in the case. (11 Metc. 135, *supra.*)

The case above cited, from the same State, (5 Gray, 533) was this: A citizen was arrested and imprisoned for non-payment of taxes, after the passage of an Act abolishing imprisonment for debt. A *habeas corpus* was issued to obtain his release, upon the ground that the tax was a debt, and that the prisoner was entitled to the benefit of the Act. But the Court held that the Act did not compass taxes, they not being debts, and the prisoner was remanded to custody. I am therefore deliberately of the opinion that the Act of Congress declaring that all debts, public and private, (except, &c., &c.) may be discharged by legal tender notes, has not the most remote reference or application to taxes levied under State laws for State purposes. So believing, I conclude that taxes, as well as stamp duties, and charges for licenses to transact business, may be collected in coin, notwithstanding the present legislation of Congress, if the legislative department of the State government see proper so to collect them.

The case under consideration, however, is embarrassed by the conceded fact that a judgment has been recovered in a Court of law against the respondent, the tax-payer.

According to my understanding, this entirely changes the character of the demand. A judgment *in personam* is a debt, and being such, is embraced within, and affected by the Act of Congress.

If the State will disrobe herself of sovereignity, and enter the forensic arena with her subject, to collect a paltry tax of one dollar by the ordinary process of a suit at law, and at a cost to the delinquent tax-payer of from twenty to thirty dollars, which is of no benefit to the State, as is now the patent fact; and if in doing this the State recovers judgment, I can perceive no satisfactory reason why such a judgment may not be satisfied by payment of the amount in legal tender notes of the United States.

Upon this ground alone, that such judgment is a debt, I concur in the opinion affirming the judgment of the District Court.