ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* GRAMLING.

Opinion delivered January 23, 1911.

1. CARRIERS—RECOVERY OF FREIGHT—PARTIES.—Where a carrier agrees to carry goods beyond the terminus of its line, and employs connecting carriers to assist it in making the transportation, the carrier so contracting is entitled to receive the charges for transportation, and

after performance of its contract may sue the consignor for the freight, without joining the connecting carriers as parties. (Page 355.)

2.  SAME—CONNECTING CARRIER—LIABILITY OF INITIAL CARRIER.—Where an initial carrier employs a connecting carrier to assist it in making the transportation, the connecting carrier becomes the agent of the initial carrier. (Page 356.)

3.  SAME—RIGHT TO SUE CONSIGNOR FOR FREIGHT.—A carrier, upon performing his contract, has the right to look to the consignor, who is owner of the goods, for payment of the freight, without joining the consignee, who is merely the consignor's agent to receive the goods. (Page 356.)

4.  SAME—INTERSTATE COMMERCE—JURISDICTION OF STATE COURTS.—A carrier, upon performance of his contract to transport goods to another State, may sue in a State court to recover the freight from the consignee, as its right of recovery is based upon contract, and not upon the interstate commerce act. (Page 357.)

Appeal from Greene Circuit Court; *Frank Smith,* Judge; reversed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

Under the facts in this case the consignor and initial carrier are the only proper parties. The consignor did not part with title to the property by the shipment, but shipped it on consignment to the consignee as a factor or commission merchant. He, the consignor, alone could sue for damages to the shipment, and is the only party liable for the freight. Kirby's Dig., § 5999; 20 So. 986; 21 So. 240.

*Huddleston & Taylor,* for appellee.

1.  The National Stock Yards Railroad Company is a necessary party, otherwise there is nothing to prevent the delivering carrier from again recovering the undercharge from the defendant. Peirce's Digest of Decisions under Act to Regulate Commerce, 1887 to 1908, pp. 789, 790; Lalor, Supp. (N. Y.), 163.

2.  The trial court had no jurisdiction. The Federal courts have exclusive jurisdiction. The Federal courts have exclusive jurisdiction of suits brought under § § 8 and 9 of Interstate Commerce Act to recover overcharges, and having such jurisdiction, why have they not the same jurisdiction in suits to recover undercharges? 74 Fed. 981; 105 Fed. 787; Lewis' Sutherland on Stat. Const. 720; 89 Ark. 154; 63 S. E. 869.

FRAUENTHAL, J.   This was an action instituted by the St. Louis Southwestern Railway Company, the plaintiff below, the recover a balance due for its charges as compensation for the carriage of property of the defendant.   In the complaint the plaintiff alleged, substantially, that it was a railroad corporation, and owned and operated a line of railroad in the State of Arkansas, upon which as a common carrier it transported goods and was engaged in carrying same in the course of interstate commerce. On February 19, 1907, the defendant tendered to it for carriage from Paragould, Arkansas, to the National Stock Yards, in the State of Illinois, 24 head of cattle and 28 head of hogs, which were the property of defendant, and that it did accept and agree to carry same at the charges legally fixed for and controlling such shipments, which in the aggregate amounted to the sum of $228.92.   That it transported said property over its own line and over the lines of railroad of other carriers, who were its agents, and that the final carrier as its agent duly delivered the same at the point of destination to defendant's agent.   It further alleged that by mistake or oversight its agent collected for said charges only the sum of $57.60, leaving a balance due to the plaintiff of $171.32, and it sought to recover from the defendant this balance.   To this complaint the defendant interposed a demurrer upon the ground (1) that there was a defect of parties, both plaintiff and defendant; and (2) because the court was without jurisdiction to entertain the cause of action.   The lower court sustained the demurrer to the complaint; and, the plaintiff refusing to plead further, it rendered judgment against the plaintiff for costs.   Did the lower court err in sustaining the demurrer?

It is urged by the defendant that the delivering carrier was a necessary party to this suit; but we do not think that this contention is correct.   Under our Code (Kirby's Digest, § 5999) every action must be prosecuted in the name of the real party in interest.   Under the allegations of the complaint in this case we think that the plaintiff was the real party in interest.   The plaintiff had, as a common carrier, entered into a contract with the defendant whereby it had agreed to transport defendant's property from Paragould to the point of destination in Illinois, and, although the point of destination was beyond the

terminus of its own line, it had the right to accept and make a binding contract to carry goods to that point. To carry out that contract, it employed connecting carriers to assist it in making the transportation. Such subsidiary carriers became under such circumstances the agents of the contracting carrier. *St. Louis S. W. Ry. Co.* v. *Wallace,* 90 Ark. 138.

The contracting carrier was still the principal, who was entitled to receive the charges for the transportation. It made the contract for the carriage, and it had the right to agree as to the manner in which the charges should be paid. It could demand payment in advance; or after the performance of the service it could recover the amount of the freight upon the goods. In the present case it was alleged that the delivering carrier was only the agent of the initial carrier in making the carriage. In effect, therefore, the complaint alleged that whatever compensation was due to such delivering carrier was paid by the initial carrier; so that the entire compensation for the transportation was due solely to the plaintiff. The plaintiff was therefore the only proper and necessary party plaintiff to this suit. 2 Hutchinson on Carriers, § § 799, 828.

It is also urged by defendant that the consignee of the goods was a necessary party to the suit. But we do not think this contention is correct. The owner of goods under whose direction they are shipped is liable for the freight. The consignee who actually receives the goods becomes responsible for the carriage charges on the ground that the goods are delivered to him upon the condition that he will pay such charges; and from his acceptance of the goods the law implies a promise upon his part to pay such charges. But where the consignee is only the agent of the owner, and this fact is known to the carrier, such contract to pay the freight by the consignee will not be implied. 2 Hutchinson on Carriers, § § 809, 810; 6 Cyc. 500.

The carrier has the right to look to the consignor or owner of the goods for the payment of the freight, and he may waive his lien upon the goods by delivering them to the consignee and still hold the consignor liable upon the contract of shipment. The complaint alleged that the defendant not only made the contract of shipment with plaintiff, but that he was the

owner of the property, and that the consignee was only his agent to receive the goods. The defendant was therefore the proper party from whom to recover the compensation for the transportation of the property.

It is earnestly contended by counsel for defendant that the lower court did not have jurisdiction to entertain this cause of action, upon the ground that the matter related to an interstate shipment, and that any right which plaintiff might have was only cognizable before the Interstate Commerce Commission or a court of the United States.

It is urged that the freight or compensation for which plaintiff seeks recovery in this case is a subject of interstate commerce and governed by the "Interstate Commerce Act" of Congress, approved February 4, 1887, and the acts of Congress amendatory thereof; and that on this account a recovery of such freight cannot be enforced in a State court. But we do not think that the cause of action set out in the complaint grows out of any right created by or springing from said acts of Congress. The cause of action herein set out is simply for the recovery of an indebtedness due for a service performed. The indebtedness grows out of a contract, which is only an incident of an interstate shipment, and is not a liability springing from or created by any act of Congress. It is simply alleged that the defendant was due to plaintiff a certain sum for the transportation of his goods; that in making payment of the freight a mistake was made, so that the defendant did not pay the entire amount of the charges; and that therefore he owes the balance. It is, in effect, a suit to recover a balance claimed to be due upon an account.

It is claimed that the cause of action herein set out grows out of and is based upon the same right that is conferred upon a shipper to recover of a carrier for overcharges in an interstate shipment. But we do not think this is correct. The right of a shipper to recover from a common carrier for overcharges for freight on goods shipped in interstate commerce springs from sections 8 and 9 of the Interstate Commerce Act, approved February 4, 1887 (Act Feb. 4, 1887, c. 104, 24 Stat at L. 386 [U. S. Comp. Stat. 1901, p. 3169]). The very language of those sections makes it clear that they have no application to

such an action as this. The provisions of those sections declare a liability for damages only against the common carrier, and not against a shipper, and only in cases where the common carrier "shall do, cause to be done or permit to be done any act, matter or thing, in this act prohibited or declared to be unlawful or shall omit to do any act, matter or thing in this act required."

The liability against the carrier for an overcharge grows out of the act of the carrier in charging an unreasonable tariff rate, and whether such rate is unreasonable or not is exclusively within the province of the interstate commission to determine. The right to recover for such overcharge springs, therefore, from that act. But the suit here brought is not for a liability against a carrier or for any damages growing out of any act done by the carrier contrary to the provisions of the acts of Congress relating to interstate commerce. The right to a recovery is herein sought against the shipper, and under the allegations of the complaint such right is not dependent upon, nor does it grow out of, any liability created by any provisions of said acts. We are therefore of the opinion that the allegations of the complaint, with the inferences that are reasonably deducible therefrom, set out a good cause of action enforceable in the court in which the action was instituted. The court therefore erred in sustaining the demurrer to the complaint.

The judgment is reversed, and the case remanded with directions to overrule the demurrer and for further proceedings.