### R. J. DARNELL, INC., v. ILLINOIS CENT. R. CO. et al.

(Circuit Court, W. D. Tennessee, W. D. June 23, 1911.)

1. COMMERCE (§ 92*)—EXCESSIVE CHARGES BY INTERSTATE CARRIER—ACTION FOR DAMAGES—JURISDICTION.

Jurisdiction of a claim for damages against an interstate carrier because of excessive rates charged and collected by it from the claimant is expressly limited by Interstate Commerce Act Feb. 4, 1887, c. 104, § 9, 24 Stat. 382 (U. S. Comp. St. 1901, p. 3159), to the Interstate Commerce Commission or a District or Circuit Court of the United States, and the provision of section 16 of the act, as amended by Act June 18, 1910, c. 309, § 13, 36 Stat. 554, extending such jurisdiction to the state courts, applies, by its terms, only to claims which have been previously determined by the commission, and on which it has made awards which have not been complied with.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 92.*]

2. REMOVAL OF CAUSES (§ 10*)—JURISDICTION ACQUIRED BY REMOVAL—JURISDICTION OF STATE COURT.

A federal court cannot acquire jurisdiction by removal proceedings of a cause of which the state court was without jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 28; Dec. Dig. § 10.*]

At Law. Action by R. J. Darnell, Incorporated, against the Illinois Central Railroad Company and the Yazoo & Mississippi Valley Railroad Company. On demurrer to declaration. Demurrer sustained.

Percy & Hughes, for plaintiff.

Chas. N. Burch, H. D. Minor, and Lamar Ross, for defendants.

McCALL, District Judge. This case is before me upon a demurrer to the declaration.

At the very threshold and independent of any of the grounds assigned in the demurrer, a question of the jurisdiction of this court over the subject-matter of the litigation arises, owing to the circumstances under which the case has been brought here. Upon this jurisdictional question depends the authority of this court to make any valid order herein, affecting the rights or interest of either party to the litigation, and must be disposed of "in limine."

This suit was brought in the circuit court of Shelby county, Tenn., by R. J. Darnell, Incorporated, against the Illinois Central and the Yazoo & Mississippi Valley Railroad Companies to recover the differ-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ence between a freight rate of 10 cents per 100 pounds and 12 cents per 100 pounds on 35,424,949 pounds of lumber shipped from Memphis to New Orleans, amounting to $7,084.89, which was charged by the defendants and paid to them by the plaintiff.

The first count in the declaration alleges that the rate of 12 cents per 100 pounds charged and collected by the railroad companies was excessive and unlawful to the extent of 2 cents per 100 pounds. The second count alleges that on January 1, 1908, in the case of J. W. Thompson Lumber Company and others against the Illinois Central and the Yazoo & Mississippi Valley Railway Companies, then pending before the Interstate Commerce Commission, an order was made and entered by the commission, directing the railroad companies to desist from enforcing a rate of 12 cents per 100 pounds on hardwood lumber in car load lots from Memphis to New Orleans, and fixed the rate at 10 cents per 100 pounds. In obedience to this order, the railway companies made a rate of 10 cents per 100 pounds on hardwood lumber in car load lots from Memphis to New Orleans, effective August 1, 1908. The plaintiff herein was not a party to the proceedings before the Interstate Commerce Commission, but was a large manufacturer and shipper of hardwood lumber, located at Memphis, Tenn., and shipped large quantities of such lumber over said railroads from Memphis to New Orleans. On the 22d day of February, 1911, plaintiff brought this suit against the defendant, as has been stated, in the circuit court of Shelby county, Tenn., which was subsequently removed to this court on the petition of defendants upon the ground of diversity of citizenship; the necessary jurisdictional amount appearing.

[1] The wrongs of which complaint is made arise out of interstate shipments of lumber, and must be considered under the provisions of the act of Congress to regulate commerce. 24 U. S. St. L. c. 104, p. 379. It is provided by section 9 of said act:

"That any person or persons claiming to be damaged by any common carrier subject to the provisions of this act may either make complaint to the commission as hereinafter provided for, or may bring suit in his or their own behalf for the recovery of the damages for which such common carrier may be liable under the provisions of this act, in any District or Circuit Court of the United States of competent jurisdiction; but such person or persons shall not have the right to pursue both of said remedies and must in each case elect which one of the two methods of procedure herein provided for he or they will adopt."

It appears from this section that, had this suit been originally brought in this court, no question could have arisen as to the jurisdiction of the court to hear and determine the questions now raised by the demurrer. The case, however, is here upon a removal; it having been brought in the state circuit court. Under such circumstance. this court has only such jurisdiction as the state court had, and, if that court was without jurisdiction to entertain the case, so also is this one. The interstate commerce act, as amended June 18, 1910, confers jurisdiction on state courts to hear and determine certain cases arising under the act. Section 16 is as follows:

"That if, after hearing on a complaint made as provided in section thirteen of this act, the commission shall determine that any party complainant is entitled to an award of damages under the provisions of this act for a violation thereof, the commission shall make an order directing the carrier to pay to the complainant the sum to which he is entitled on or before a day named. * * * If a carrier does not comply with an order for the payment of money within the time limit of such order, the complainant, or any person for whose benefit such order was made, may file in the Circuit Court of the United States for the district in which he resides or in which is located the principal operating office of the carrier, or through which the road of the carrier runs, or in any state court of general jurisdiction having jurisdiction of the parties, a petition setting forth briefly the causes for which he claims damages, and the order of the commission in the premises." 36 U. S. St. L. c. 309, p. 554.

The declaration herein does not disclose such a state of facts as is made necessary by section 16 to confer jurisdiction upon the state courts. The commission has not determined that the plaintiff is entitled to an award of damages under the provisions of the act for a violation thereof, nor has the commission made an order directing the defendants to pay the plaintiff any sum as an award on or before a day named. This must have been done, and, in addition, the carrier must have failed to comply with such order before the state court would be open to the plaintiff for the institution of this suit therein. As we have just seen, section 9 of the commerce act gives the right of action to recover damages for which common carriers may be liable, arising under the provisions of said act, either before the commission, or "in any District or Circuit Court of the United States of competent jurisdiction." The forum in which suits of this character can be brought is specified in the act and limited to the Commerce Commission and the United States courts, and I know of no rule of construction that will permit the extension of this right so as to confer jurisdiction upon the state courts to entertain such case.

[2] The state court not having jurisdiction, does the removal of the case here confer jurisdiction on this court? "A federal court cannot acquire jurisdiction by removal proceedings, of which the state courts had no jurisdiction. It was so held where an action was brought in a state court upon a cause of action of which the federal courts had exclusive jurisdiction, namely, to recover overcharges under the interstate commerce law; where it was instituted in what was supposed to be a state court, but in one which the Supreme Court of the state subsequently held had no legal existence; and this was said to be the case where the state court had a limited jurisdiction, and the suit sought to be removed was not within the same." Foster's Federal Practice, p. 1482. See, also, Auracher v. Omaha & St. L. R. R. Co. (C. C.) 102 Fed. 1; Sheldon v. Wabash R. R. Co. (C. C.) 105 Fed. 785. I do not think that the jurisdiction of the court as respects the subject-matter of a litigation, and such as is here under consideration, is of a character that can be waived by the parties. Morris v. Gilmer, 129 U. S. 315, 9 Sup. Ct. 289, 32 L. Ed. 690; Bates' Federal Practice, 1029.

I am not sure that the question of the jurisdiction of the state circuit court is raised by the demurrer, although the attention of the

court is called to it in the brief of counsel for the defendants, yet it is the duty of the court, on its own initiative, if not otherwise presented, to determine the question of jurisdiction in each case coming before it. "This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." M. C. & L. M. Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462; C., B. & Q. Ry. Co. v. Willard, Adm'r, 220 U. S. 413, 31 Sup. Ct. 460, 55 L. Ed. 521. While I am of the opinion that this court is without jurisdiction upon the grounds and for the reasons stated, yet, in view of the importance attached to this litigation by counsel, I feel that the other questions raised by the demurrer should be disposed of, so that, if the court is in error in its conclusion herein stated, it may also go up upon the other different questions raised by the demurrer, if the case should be appealed.

The first, second, and third causes of demurrer are in my judgment ruled by the cases of Texas & Pacific R. R. Co. v. Abilene Cotton Oil Co., 204 U. S. 436, 27 Sup. Ct. 350, 51 L. Ed. 553; Southern Railway v. Tift, 206 U. S. 428, 27 Sup. Ct. 709, 51 L. Ed. 1124, and these causes of demurrer are therefore sustained. The fourth ground of demurrer is overruled. An order will be entered in accordance with the views set forth, and the case dismissed for want of jurisdiction. Twenty days are allowed plaintiff to amend, if he be so advised.