JAMES A. COAD, Appellant, v. THE CHICAGO, ST. PAUL, MINNE-APOLIS & OMAHA RAILWAY COMPANY, Appellee.

**COURTS:**  Federal and State Courts—Concurrent Jurisdiction—Interstate Freight Overcharges—Recovery. The right to recover interstate freight charges, in excess of the duly established and published schedules of rates, may be enforced in a state court. Resort to the Interstate Commerce Commission or to the Federal courts is not required. Such action is not one for the recovery of *damages,* within the meaning of Sec. 9 of the Commerce Act (24 Stat. 379), but is an action for *debt,* and in no wise trenches on the regulatory rate powers of the Commission.

*Appeal from Woodbury District Court.*—HON. DAVID MOULD, Judge.

TUESDAY, OCTOBER 5, 1915.

ACTION at law to recover an amount of overcharges which the plaintiff alleges was exacted by the defendant for transportation of freight. The trial court sustained a demurrer to the petition, and from that ruling and from the judgment entered against him for costs, the plaintiff appeals.—*Reversed.*

*Alfred Pizey* and *D. H. Sullivan,* for appellant.

*James B. Sheehan* and *Sargent, Strong & Struble,* for appellee.

WEAVER, J.—The petition shows that the shipments upon which the charges for freight were made were of an interstate character. It is further alleged that the proper and allowable rates of transportation for such shipments had been and were fixed and provided for in a schedule established and published by the defendant and its connecting carriers and that the rate so scheduled was forty-two cents per hundred pounds; but defendant, disregarding the same, exacted from plaintiff the payment of charges for such service in excess of the scheduled rates to the amount of $81.07, for which a recovery is demanded. The objection raised by the demurrer to the petition is that it appears from the stated facts therein pleaded that the state court has no jurisdiction to entertain an action of this nature, and that, if plaintiff has any remedy in the premises, it is to be found alone in a proceeding before the Interstate Commerce Commission or in an action in the Federal Court.

*Courts: federal and state courts: concurrent jurisdiction: interstate freight overcharges: recovery.*

The statute in question, commonly known as the Interstate Commerce Act of February 4, 1887, with later modifying amendments, provides, among other things, that the carrier must make and publish its schedule of rates, after which, unless these rates are changed in the manner provided by law, both carrier and shipper must adhere strictly thereto. By section 8 of the act, a violation of these provisions by the carrier renders it liable for damages thereby resulting to any person. Section 9 allows a person so injured to make complaint to the Interstate Commerce Commission, or, if the circumstances justify it, he may recover his damages by action in the district court of the United States. Under section 16, if the commission awards damages in favor of the complainant, he may sue therefor in any Federal or state court having jurisdiction of the parties. Section 22 is to the effect that nothing in the act shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this act are in addition to such remedies.

It has been held, and plaintiff concedes, that, if the claim made against the carrier under this law be one which involves inquiry into the reasonableness of the scheduled rates of freight upon an interstate shipment, the shipper's remedy in the first instance is by appeal or application to the Interstate Commerce Commission; but where the right asserted, if it exist at all, is one concerning which the commission has no discretion, the complainant is not required to invoke the action of the commission, but may take his case directly to the courts. *Pennsylvania R. Co. v. International,* 230 U. S. 184.

In the cited case, the carrier was charged with granting rebates from its scheduled rates for the benefit of certain shippers.  Objection was there raised that the matter was one for the Interstate Commerce Commission and that the court had no jurisdiction.  The Supreme Court of the United States overruled the point, saying: ''In view of the obligation of the company to charge, collect and retain the sum named in the tariff, there was no call for the exercise of the rate-regulating discretion of the administrative body to decide whether the carrier could make a difference between free and contract coal. .   .   .   The rebate being unlawful, it was a matter where the court, without administrative ruling or reparation order, could apply the fixed law to the established fact that the carrier had charged all shippers the published or tariff rate and refunded a part to a particular class.'' For the same reason, plaintiff in this case was not required to apply to the commission to have the act of the defendant in exacting more than its scheduled rates declared unreasonable or wrongful.  The fact of such overcharge being conceded or proved, its illegality is established as a matter of law, and the shipper's right to recover is not open to question.  The commission has no power or authority to legalize or approve the exaction. Under such circumstances, the court having jurisdiction of the parties will not refuse to hear him simply because he did not first lay his complaint before the commission.

The sole question then is whether the right to a recovery upon such claim may be enforced in a state court. The case last cited was instituted and disposed of in the Federal courts and affords us no aid at this point. Of the general question of concurrent jurisdiction of civil cases in the state and Federal courts for the enforcement of rights and liabilities under the laws of the United States, it seems to be the settled general rule that concurrent jurisdiction exists "where it is not excluded by express provision or by incompatibility in its exercise arising from the nature of the particular case." See Bradley, J., in *Claflin v. Houseman*, 93 U. S. 130, 136 (23 L. Ed. 833, 838). In the argument leading up to this conclusion, the court, in the cited case, says: "Every citizen of a state is a subject of two distinct sovereignties, having concurrent jurisdiction in the state—concurrent as to place and persons, though distinct as to subject-matter. Legal or equitable rights, acquired under either system of laws, may be enforced in any court of either sovereignty competent to hear and determine such kind of rights and not restrained by its constitution in the exercise of such jurisdiction. Thus, a legal or equitable right acquired under state laws may be prosecuted in the state courts and also, if the parties reside in different states, in the Federal courts. So rights, whether legal or equitable, acquired under the laws of the United States, may be prosecuted in the United States courts or in the state courts competent to decide rights of the like character and class," subject, of course, to the right of the United States in the latter class of cases to make the jurisdiction of the Federal courts exclusive by proper declaration to that effect or by necessary implication. The Federal statute here being considered does not in express terms exclude the jurisdiction of the state courts; but, applying the familiar rule that where the statute creates a new right and in the same connection specifies a remedy for its protection or enforcement, such remedy is to be deemed exclusive, it has been held that the effect of section 9 of the Interstate Commerce Act, giving to the shipper

who seeks to recover damages from a carrier for the violation of the statute the right to lay his complaint before the commission or to bring suit in the United States district court, is to negative the right to resort to a state court for the recovery of such damages. *Van Patten v. Chicago, M. & St. P. R. Co.,* 74 Fed. 981; *Darnell v. Illinois Cent. R. Co.,* 190 Fed. 656; *Mitchell v. Pennsylvania R. Co.,* 230 U. S. 247; *Texas & Pac. R. Co. v. Abilene,* 204 U. S. 426.

Conceding the authority of these precedents, we have then to inquire whether the case before us is an action to recover damages for a violation of that statute within the meaning of the provision to which we have referred. If the controversy were one over the reasonableness of the scheduled rates established and published by the carrier, it is very clear, as already said, that this inquiry would have to be answered affirmatively. It is contended for the plaintiff, however, that an action to recover the amount of an overcharge wrongfully exacted is not an action for the recovery of damages within the meaning of the cited sections of the statute and may, therefore, be maintained in the state court under the general rule as to concurrent jurisdiction of Federal and state courts, and under section 22 of the Interstate Commerce Act, which provides that nothing therein shall abridge or alter other remedies then existing by common law or by statute. That there is a distinction between the recovery of the amount of an overcharge improperly exacted and a claim for the recovery of damages within the meaning of the statute is recognized by the court in *Pennsylvania R. Co. v. International,* 230 U. S. 184, to which reference has already been made. It is there said, "The English courts make a clear distinction between overcharge and damages, and the same is true under the Commerce Act. For if the plaintiff here had been required to pay more than the tariff rate, it could have recovered the excess, not as damages but as overcharge." It was at least an implied term of the contract for the transportation of shipments to plaintiff that the rates charged should be those specified in the car-

rier's schedule; and if, upon the transportation being completed, defendant charged and exacted an amount in excess of such rate, the wrong so perpetrated was not merely a violation of the statute, for which damages, in the usual sense of an unliquidated demand for compensation, were recoverable by the plaintiff, but the obligation to repay such exaction became, in a very just sense, a debt due from defendant to plaintiff for the specific amount of the excess. The contract between the parties was valid, and whatever was exacted or extorted in excess of that rate was received by the defendant to plaintiff's use. Plaintiff could therefore waive the tort and sue upon defendant's implied obligation to return the excess on demand. The right to recover for money unlawfully exacted or extorted is not a right created by this statute—it is a right which is as old as the common law itself. *Warner v. Cammack*, 37 Iowa 642.

That an obligation of this nature may be treated as debt as distinguished from damages, see *Watson v. McNairy*, 4 Ky. (1 Bibb) 356; *Rhodes v. O'Farrell*, 2 Nev. 61; *Gray v. Bennett*, 44 Mass. 522, 526. This court has expressly recognized the distinction and held that an action to recover from a carrier the amount exacted in excess of the scheduled rates of freight is not a suit to recover under the provisions of the Interstate Commerce Act, but rather an action for the repayment to him of a sum of money exacted and received by the defendant in violation of the contract of shipment. *Banner v. Wabash R. Co.*, 131 Iowa 405. This decision is directly in point with the case now presented; and unless we are to abandon it as a precedent, it governs the disposition of this appeal. Upon the theory of that opinion, the action in this case involves no attempt by the state or the state courts to regulate interstate commerce, nor is it an attempt by the state court to enforce the Federal Commerce Act. These views are fully supported by the very recent cases, *Pennsylvania R. Co. v. Puritan*, 237 U. S. 121, and *Illinois Central R. Co. v. Coal Co.*, 238 U. S. 275, which have come to our

attention since the first draft of this opinion. The case of *Gatton v. Chicago, R. I. & P. R. Co.*, 95 Iowa 112, relied upon by appellee, is not in point. The charge there made was not that the carrier · had collected more than the proper scheduled rates, but rather that it had in fact collected from plaintiff freight charges based upon the regular schedule, while performing like service for others at a lesser rate, and thereby was guilty of unjust discrimination, because of which damages were claimed. This brought the case strictly within the rule of the Federal cases above cited, and the court properly held the state tribunals to be without jurisdiction. Except in the *Banner Case, supra,* we find none of our precedents dealing with facts substantially like those disclosed in this record.

Some of the state courts, as well as some of the inferior Federal courts, have reached a conclusion in harmony with the position taken by appellee. See *Siggins v. Chicago & N. W. R. Co.*, (Wis.) 140 N. W. 1128, and cases there cited. But we find no case in which the Supreme Court of the United States has gone to that extent. On the other hand, sister ·  courts of very respectable standing are in accord with our conclusion. *Pine Tree Lumber Co. v. Chicago, R. I. & P. R. Co.* (La.) 49 So. 202; *St. Louis, etc., R. Co. v. Roff,* (Tex.) 128 S. W. 1194; *Chicago, R. I. & P. R. Co. v. Lumber Co.*, 99 Ark. 105; *American Sugar Refining Co. v. Delaware, etc. R. Co.*, 207 Fed. 733. We are disposed, therefore, to adhere to our former holding, and this of necessity calls for a reversal of the judgment below.

We have attempted no discussion of the twenty-second section of the act, which in terms preserves existing remedies which the shipper theretofore had against the carrier. The effect of this provision is naturally limited to the preservation only of such rights and remedies as are not inconsistent with the rules and regulations prescribed by the act. To that extent at least, the right of the shipper to sue in the state courts remains as before. *Adams Express Co. v. Cron-*

*inger,* 226 U. S. 491.     We can discover nothing in which the right to sue in a state court to enforce a return of money exacted in excess of the established schedule is in the least inconsistent with the regulatory authority of the commission or the terms of the statute itself.     The reason which the Supreme Court assigns for holding that the act excludes the jurisdiction of the state courts for the recovery of damages growing out of the violation of the statute is that the act is evidently intended to grant the power to deal with the reasonableness of rates to the commission alone, and thereby secure uniformity and consistency of regulation which would not be practicable if the various courts were allowed to entertain jurisdiction of such proceedings.     It is very manifest, we think, that cases of this class are not within the reason of the restriction.     In taking cognizance of such an action and trying the rightfulness of such claim, the courts do not and cannot assume to pass upon the reasonableness of the established rates of freight.     They accept the schedules as valid, and the sole inquiry is whether the carrier has extorted from the shipper anything in excess thereof.     The exercise of jurisdiction in such case can in no manner tend to the ill results above suggested and, in the absence of an express exclusion of the state court, its right to hear and dispose of such controversies would seem to have been preserved.

Without extending this opinion for more particular consideration of the propositions argued by counsel, we have to say that we find no sufficient reason for a departure from our former holding, and the ruling of the trial court in sustaining the demurrer to the petition and entering judgment in defendant's favor is—*Reversed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.