HARRY MILLER, Appellee, v. JAMES C. DAVIS, Director General of Railroads, Appellant.

No. 41127.

FEBRUARY 9, 1932.

Donnelly, Lynch, Anderson & Lynch, for appellee.

Hughes, O'Brien & Faville, for appellant.

GRIMM, J.—On November 10, 1921, the plaintiff filed his petition in the District Court of Jones County, Iowa, claiming

of the defendant, the Director General of Railroads, the sum of $118.64, which it is claimed is the amount exacted by the defendant as transportation charges on three carloads of grain, in excess of the established rate and tariff between the terminal points in question. These shipments were made as follows: Morley, Iowa, to Memphis, Tennessee, December 22, 1919; Oxford Junction, Iowa, to Memphis, Tennessee, February 9, 1920; Morley, Iowa, to Memphis, Tennessee, January 15, 1920. On March 9, 1922, the defendant filed an answer in the nature of a general denial, and alleged as follows:

"Defendant denies that there was any over or excessive charges made on these shipments, and alleges that the freight charges made and collected were in accordance with the published tariffs then on file and were the reasonable charges for the services performed."

On March 14, 1931, nine years thereafter, there was filed a stipulation waiving a jury and providing for trial to the District Court on an agreed statement of facts only. In the stipulation of facts, the shipments are conceded, and the routing of each of the cars is conceded. It was conceded that, "at the time of said shipment, there was a shorter and cheaper route for such shipments from Oxford Junction to Memphis, Tennessee." A similar concession is made in reference to each of the shipments under consideration.

It is agreed that the route over which said shipments were moved was selected by the defendant without direction by the plaintiff. It is agreed that the charge made for the shipment is the one fixed by the tariffs then on file as required by law for the route used.

The claim of the plaintiff is for the difference between the tariff rate on the route over which the shipment was made and the tariff rate on the shorter route between the terminal points. There is no dispute about what these tariff rates were, nor is there any attack made upon said tariff rates.

The trial court found for the plaintiff for the full amount asked.

I. It is contended by the appellant that this is a suit for an "overcharge," and appellee contends that there was no overcharge, for the reason that the amount collected was the correct

tariff rate, for each of the shipments, on the route over which the shipments were made.

The language of the petition is somewhat restricted, and, standing alone, it is possible to interpret it as a petition to collect "overcharges." No attack was made on the petition, either by way of motion for more specific statement or otherwise. The plaintiff might have had some difficulty in introducing testimony of his real cause of action, under the allegations of his petition, but the stipulation of facts broadens the claim and is directed to the real claim in the case.

The plaintiff is not claiming that an overcharge was made on the route selected by the transportation company. On the other hand, it is the claim of the plaintiff, in substance, that inasmuch as the shipper gave no routing directions, it was the duty of the transportation company, other things being equal, to send the shipment over the shortest route. Having failed so to do, it is the plaintiff's claim that the defendant exacted an excess of compensation for the shipment, and it is this excess which the plaintiff seeks to recover by this action.

Strictly speaking, the term "overcharge" does not apply to this case. As was said in Tyson & Jones Buggy Co. v. Aberdeen & Asheboro Ry. Co., 17 I. C. C. Reports, page 330:

"The phrase 'overcharge' as used by the Commission embraces only cases where carriers have demanded and received a rate in excess of the published rate. We do not use that phrase in referring to cases where the published rate has been collected but is alleged on one ground or another to be an excessive rate."

Many other rulings of the Interstate Commerce Commission and decisions of the courts might be cited in support of the foregoing proposition.

It will be noted that, in this case, there is neither plea nor proof by the defendant that there was any reason or justification for routing the goods over the longer route. Had there been alleged, as a justification for the longer routing, any claim, for illustration, that the grades were more suitable to the transportation, or that, on account of any condition of the roadbed or the equipment, it was found necessary or reasonable to send the shipments over the other route, then there would have been injected into the case a question of "reasonableness" which

could only have been determined, in the first instance, by the Interstate Commerce Commission; but in the absence of any such plea or any proof in support thereof, we have here simply a mere claim for a debt. There is before us no question of administration over which the Commission might have original jurisdiction. As was said in Great Northern Railway Co. v. Merchants Elevator Co., 66 L. Ed. 943, l. c. 946:

"Whenever a rate, rule, or practice is attacked as unreasonable or as unjustly discriminatory, there must be preliminary resort to the Commission. Sometimes this is required because the function being exercised is in its nature administrative, in contradistinction to judicial."

It was the duty of the defendant, in the absence of any special reason to the contrary, to send the goods over the shorter route.

On this subject, the Supreme Court of the United States in Northern Pacific Railway Co. v. Solum, 247 U. S. 477, 62 L. Ed. 1221, approved the language of the Supreme Court of Minnesota, as follows:

" 'Where a railroad company operates two lines of railroad between the same points, and the freight rate over one line is less than such rate over the other line, if other conditions are reasonably equal, it is the duty of the company to transport shipments between those points over the line which will give the shipper the benefit of the cheaper rate. To justify transporting such shipments over the other line and thereby compel the shipper to pay the higher rate, the company must show that such line was chosen by the shipper or that the circumstances or exigencies were such that a proper regard for the interests of the shipper precluded the use of the cheaper line.' "

See also Galveston, H. & S. A. Ry. Co. v. Lykes Bros., 294 Fed. 968; 10 C. J., page 84, section 86, and cases cited in support of the text.

This is not a case in which the reasonableness of a rate is involved. It is a case in which it is claimed that the wrong rate was applied because the goods were shipped by the wrong route, contrary to the rights of the shipper. Inasmuch as the transportation company did not allege and prove any circumstances

warranting the use of the longer route, the reasonableness of so doing was not involved.

In the last analysis, then, this is simply an action to recover money wrongfully exacted for a service rendered. See Coad v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 171 Iowa 747; Banner v. Wabash R. R. Co., 131 Iowa 405; Baird v. M. & St. L. Ry. Co., 181 Iowa 1104; Read & Davis v. Central Vermont Ry. Co., 86 Atl. (N. H.) 161.

Had the defendant pleaded that the longer route was selected by it because of any reason pertaining to railroad grades, condition of roadbed, bridges, or equipment, or for any other similar reason, the question then would have arisen whether routing the goods over the longer route was a reasonable thing to do. It perhaps might have shown that for some such reason it had been the custom and practice for years to route goods over the longer route between the terminal points in question, and the question of the ''reasonableness'' of such a practice might thus have been raised. Such administrative questions would properly go before the Interstate Commerce Commission in the first instance. No such issue was raised. There is no such issue properly before us.

It was the duty of the transportation company, in the absence of some such special reasons, to send the goods over the shortest route. Having failed to do so, the transportation company wrongfully exacted the difference between the two rates.

Under the pleadings and evidence in this case, the State Court had jurisdiction, and the plaintiff was entitled to the judgment as rendered below.

The whole record has been carefully examined, and all the questions raised by the appellant have been fully considered. We deem further discussion unnecessary.

The cause must be, and is,—Affirmed.

WAGNER, C. J., and EVANS, MORLING, and KINDIG, JJ., concur.