## New York Central R. R. Co. v. Solomon

*J. Frank Kelker* and *Thompson Bradshaw*, for plaintiff.

*J. Leonard Solomon*, for defendant.

MCCREARY, P. J., April 6, 1949.—Plaintiff filed its complaint in assumpsit alleging that on July 23, 1946, defendant shipped by the Boston & Albany Railroad six shipments of steel bars from Springfield, Mass., to Raymond Concrete Pile Company, Pier 2, North River, N. Y., said shipment amounting to a net weight of 773,900 pounds; that the Interstate Commerce Commission rate at the time was 26 cents per 100 pounds and that defendant prepaid the shipment at the rate of 24 cents per 100 pounds; that plaintiff claims of defendant $154.78, with interest from July 26, 1946.

Defendant objected preliminarily to plaintiff's complaint on the ground that the Court of Common Pleas of Beaver County has no jurisdiction, and that the complaint is not sufficiently specific and is insufficient in law to sustain a cause of action.

### Questions of Law

1. Where the specific subject matter involved in the action—the collection of compensation for transportation of property by interstate carrier—has been covered by Federal legislation, namely, the Interstate

Commerce Act as enacted by the Congress of the United States, does a State court have jurisdiction?

2. Where plaintiff's complaint in assumpsit does not allege a contract, either written or oral, between plaintiff and defendant; does not allege that defendant authorized plaintiff to perform services, for which defendant is legally obligated to pay; does not allege that plaintiff performed services for which defendant is legally obligated to pay, and does not have attached thereto copies of the writings on which the alleged shipments were made, is the complaint sufficiently specific and sufficient in law to sustain a cause of action?

The answer to both questions is "yes", under the circumstances, and so it is necessary for us to dismiss the preliminary objections and require defendant to file an answer to the merits.

We ought to dismiss the first preliminary objection without comment. It is an objection to the jurisdiction of the common pleas to entertain a suit by an interstate carrier to collect from a shipper a sum of money representing the difference between the amount that should have been charged under the tariffs as filed by the carrier with the Interstate Commerce Commission and the amount that was, by clerical error, actually charged to the shipper. It is for recovery of an undercharge of $154.78 with interest from July 26, 1946.

Counsel for defendant, in all seriousness, argued orally and by written brief that since the matter of interstate shipments is governed by the Interstate Commerce Act passed by Congress, particular reference being made to section 9 of that act (24 Stat. at L. 382, 49 U. S. C. §9) and to section 6, par. 7 of the same act, the State courts have no jurisdiction to entertain the suit. In his written brief he sets forth these particular sections at length, and then points to the case of Hall v. Pennsylvania Railroad Company, 257 Pa. 54, as authority in support of this ridiculous proposition.

It is true that the Supreme Court did say, as quoted in defendant's brief, that (p. 73) :

". . . the question before us in the present case is one of unlawful discrimination in freight rates, which specific subject-matter has been covered by federal legislation, and all disputes relating thereto are within the exclusive jurisdiction of the Federal Courts."

And on page 75, the court said:

"Since the subject-matter in the present case is one on which Congress has legislated and the goods in transportation come within the Interstate Commerce Acts by virtue of their passage outside the State, the State courts have no jurisdiction for the recovery of damages as to such part of the goods which were carried through New Jersey."

But we have before us for consideration, not an action for damages for violation of the Interstate Commerce Act nor for unlawful discrimination. We have a simple common-law action to recover a balance due for services rendered. The State courts have concurrent jurisdiction with the Federal courts in such an action. All that counsel for defendant had to do to find this answer to his question was to take a look at the cases collected by the compilers of 49 U. S. C. §6, subpar. 7, note 28, at page 311.

Reference is made to the following cases: Brantley Co. v. Ocean S. S. Co., 5 Ga. App. 844, 63 S. E. 1129; Banner v. Wabash R. Co., 131 Iowa 405, 108 N. W. 759; Coad v. Chicago, etc., R. Co., 171 Iowa 747, 154 N. W. 396; Cleveland, etc., R. Co. v. Talge Mahogany Co., 185 Ind. 11, 112 N. E. 890; St. Louis Southwestern Ry. Co. v. Gramling, 97 Ark. 353, 113 S. W. 1129; Baltimore & O. S. W. Ry. Co. v. New Albany Box & Basket Co., 48 Ind. App. 647, 96 N. E. 28, 94 N. E. 906; Louisville & N. R. Co. v. Maxwell, 237 U. S. 94, L. R. A. 1915E 665.

In the Brantley and Banner cases, referred to in the above paragraph, it was held that if the carrier charges more than the rate set out in the published schedule, action will lie in the State court for the difference between the scheduled rate and the rate charged.

In the Coad case, supra, it was held that though the right of the shipper to recover charges paid by him in excess of the tariff rate is based on the prohibition against charges by the carrier of more than the tariff rates, it is not one for "damages" for a violation of the prohibitions set forth in the Interstate Commerce Act, within the meaning of sections 8 and 9 of the act, and that it is not required that the action be brought in a Federal court. It was held that the action is one of debt and, though arising under Federal law, may be maintained in a State court under the general rule as to the concurrent jurisdiction of State and Federal courts for enforcement of rights and liabilities under laws of the United States, where the exercise of jurisdiction by a State court is not excluded by express provision of the Federal law, or by incompatibility in its exercise arising from the nature of the particular case.

It was further held that the right to maintain such an action is also preserved by the provision of section 22 of the Interstate Commerce Act that nothing contained in the act shall alter or abridge other remedies existing by common law or by statute.

The other cases cited above are all identical from a factual background with the case we now have under consideration. They were cases where, by error, the carrier was paid a less rate than that called for by the filed tariffs. The courts held that the State courts had jurisdiction.

We hold that our court has jurisdiction to entertain the suit now in question filed by a carrier to recover an undercharge from the shipper and that this prelim-

inary objection must be overruled. Counsel should be more sparing of the time of the court and of opposing counsel and refrain from filing time-consuming fatuous preliminary objections that are totally lacking in merit. Unfortunately, we took defense counsel seriously on this problem and wasted hours of valuable time chasing up and down blind alleys looking for the answer for what appeared to be a ridiculous proposition, only to find the complete answer in the cases collected in U. S. C. under the very section referred to by defense counsel in his serious brief as the section on which he based his objection.

. Without referring to U. S. C., however, we also find Pennsylvania authority for the proposition that "State courts have concurrent jurisdiction in all cases arising under the laws of United States where it is not expressly prohibited". In the case of Porter v. Arnold et ux., 63 D. & C. 109, Judge Sweney of Delaware County has collected many authorities on the subject and, inter alia, he says (p. 122) :

"In United States v. Schofield Co., 239 Pa. 582, which was an action in assumpsit on a bond given pursuant to act of Congress, the Supreme Court, in sustaining the jurisdiction in the case said (p. 587) :

" 'It has long been determined, as held in Bletz v. Bank, 87 Pa. 87, that "State Courts have concurrent jurisdiction in all cases arising under the laws of the United States where it is not expressly prohibited". The Supreme Court of the United States has frequently upheld the concurrent jurisdiction of the State Courts with those of the Federal Courts. In delivering the opinion in Claflin v. Houseman, 93 U. S. 130, 136, Mr. Justice Bradley, speaking for the court, says: "Rights, whether legal or equitable, acquired under the laws of the United States, may be prosecuted in the United States Courts, or in the State Courts *competent to decide rights of the like character and class;* subject, how-

ever, to this qualification, that where a right arises under a law of the United States, congress may, if it sees fit, give to the Federal Courts exclusive jurisdiction.' "

"It is unnecessary to discuss the question of the duty of a State Court, when its ordinary jurisdiction, as prescribed by local laws, is appropriate to the occasion, and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of recovery arising under an act of Congress, and susceptible of adjudication according to the prevailing rules of procedure. Those interested in the subject may read the opinion of the court in Testa et al. v. Katt, 330 U. S. 386, 67 S. Ct. 810, and cases cited therein.

"The question, then, is whether this court is 'competent to decide rights of the like character and class', with the right here asserted: United States v. Schofield Co., supra. Congress does not have the power, of course, to enlarge or regulate the jurisdiction of this court: Byers v. Olander, supra (161 Pa. Superior Ct. 165, 167)."

This statement of the law comports with common sense.

For the reasons stated by us in the case of Patterson v. Chadderton, 10 Beaver 256, the second preliminary objection in the nature of (1) a motion to strike off plaintiff's complaint, (2) to require plaintiff to file a more specific pleading, and (3) to render judgment for defendant because its complaint is bad by demurrer, must be overruled. It reads as follows:

"1. Plaintiff's complaint does not allege a contract, either written or oral, between plaintiff and defendant.

"2. Plaintiff's complaint does not allege that defendant authorized plaintiff to perform services, for which defendant is legally obligated to pay.

"3. Plaintiff's complaint does not allege that plain-

tiff performed services for defendant, for which defendant is legally obligated to pay.

"4. If plaintiff's cause of action is based on a writing, plaintiff has failed to attach a copy of the writing.

"5. For the foregoing reasons, plaintiff's pleading is insufficient in law to sustain a cause of action."

In Patterson v. Chadderton, supra, we said (pp. 257, 258):

" 'There seems to be an impression among a very small minority of the Bar that the Rules of Civil Procedure not only permit but require the filing of Preliminary Objections to Complaints. The lawyers' time and that of the court is taken up with the consideration and disposition of such objections that in many cases are without a suggestion of merit and often fatuous. The Preliminary Objections filed in this case, in our judgment, fall within the latter classification.'

"We have carefully read the complaint filed by the plaintiffs and are satisfied that the allegations of fact are clearly enough set forth to put the defendant on notice as to what the plaintiffs propose to prove, both by way of establishing the negligence of the defendant and by way of alleging the items of damage suffered by the two plaintiffs. Such being the case, all the preliminary objections will be overruled and the defendant will be required to file an answer to the merits."

That case was an action of trespass. We are now considering the allegations in an action of assumpsit, but the allegations in the case we are now considering are sufficiently definite to put defendant on notice as to what plaintiff proposes to prove as a basis for its right to recover. Plaintiff sues on an implied contract entered into by defendant to pay plaintiff the proper shipping charges for an interstate shipment made by defendant via plaintiff railroad. The bill of lading is only evidence of the shipment. It is not the written contract between the parties. If it were the written con-

tract on which suit is based, plaintiff could not recover, for on the face of the bill of lading would undoubtedly appear an improper shipping charge. Plaintiff need not plead evidence on the basis of which it expects to recover.

For the reasons stated we make the following

*Order*

Now, April 6, 1949, the preliminary objections are overruled, and defendant is required to answer to the merits within 15 days from the date hereof. Otherwise judgment may be entered for plaintiff and against defendant for want of an answer.