## Taylor & Co. vs. Bell.

1. Where the surety on an attachment bond filed an affidavit of illegality on the ground, among others, that it appeared on the face of the record that no declaration in attachment had been filed at the first term of the court pursuant to law, and where the only declaration filed in the case at all was filed on the 10th of January, 1874, and the process bore date on the 10th of January, 1874, and the attachment was issued on the 12th of January, 1874, and the affidavit and

bond were dated on the 12th of January, 1874, and the same was not an attachment *pendente lite ;* and where it further appeared that the declaration so filed was an ordinary short-form statutory declaration with the usual process attached thereto, and that the reference to attachment therein was in these words : "for which said sum of money petitioners have sued out process of attachment against said Andrew F. Hill, returnable to the April term superior court of said county, 1874"; and where no motion was made to amend or explain the defects apparent upon the record :

*Held,* that *prima facie* no declaration in attachment was filed pursuant to law at the first term, to-wit : the April term, 1874, to which the attachment was returnable, and that on the face of the record no attachment was pending when the declaration was filed on the 10th of January, 1874, and that therefore the court was right in sustaining the illegality on this ground at the instance of the surety.

2. In an attachment, as in other cases founded on contract where no issuable defense on oath is made, the court should render judgment without a jury—58 *Ga.*, 377.

JACKSON, JUSTICE.