WEST vs. HARVEY.   WEST vs. HARVEY & LUCK.

There is no law for serving a copy of the summons of garnishment, making a return of service on the original, filing it in the office of the clerk of the superior court, and having that court to render judgment against the garnishee for failing to answer, on making proof that judgment has been rendered in the superior court of another county on an attachment returned to that court, there being nothing of file or on record in the court to which the garnishment was returned to connect the garnishment with the attachment in the other county.

December 22, 1888.

Garnishment.   Jurisdiction.   Service.   Judgments. Attachments.   Before Judge HARRIS.   Campbell superior court.   February term, 1888.

Reported in the decision.

BLECKLEY, Chief Justice.

In each of these cases, the entire transcript of the record, as certified by the clerk, consists of an original summons of garnishment, with the return thereon by the sheriff to the effect that he had served the garnishee with a copy, and the judgment of the court against the garnishee. Some other papers, to wit, what purported to be a copy of an affidavit for attachment, a bond and the writ of attachment, were produced on the argument, and it was suggested that they also constituted a part of the record; but the certificate of the clerk authenticating them declares that the originals were not marked filed, and that he never saw them in his office until during the term of the court at which the judgment against the garnishee was rendered. These papers we cannot consider as part of the record, whether with or without a suggestion of a dimunition of the record. The sole question then is, whether the court could enter up judg-

ment against the garnishee for failing to answer, the only documents before the court being the original summons of garnishment with the sheriff's return thereon, and evidence that judgment had been rendered in another county upon an attachment returnable to the superior court of that county in favor of the party who caused the summons of garnishment to be sued out, against his own debtor or debtors.

We know of no law that provides for the service of a summons of garnishment by delivering a copy to the garnishee.   The practice has been to deliver the original to the garnishee, and for the officer simply to make return that summons of garnishment was served.   It might be a very correct method of serving garnishment for the officer to retain the original and serve a copy, but such has not been the practice, and there is no provision in our statutes looking to that method of service.

Perhaps we might rest our decision on the ground solely that the garnishment had not been served; but supposing it had been regularly served, what was there to connect the garnishment proceeding with the attachment case in another county?   We see nothing whatever.   The garnishment laws evidently contemplate (1) that the garnishee should be called to answer only in the county of his residence; and (2) that when the main case is not located in that county, something should be filed in the court to which the garnishment is returnable, to show a connection between the garnishment and the proceedings elsewhere in the main case. Code, §§3302, 3303, 3537, 3538, 3539.

Judgment reversed.