[L. A. No. 89.    Department Two.—January 10, 1896.]

## O. H. KIEFER, APPELLANT, v. E. LAVENTHAL ET AL., RESPONDENTS.

SALE OF LIQUOR SALOON — PAYMENT UPON PROCUREMENT OF LICENSE — RECOVERY OF DEPOSIT — PLEADING. — Where personal property, consisting of all of the goods owned by the vendor in a retail liquor saloon, is sold for an agreed price, and as a further and separate agreement ·between the parties, the purchaser agrees to deposit with third parties an additional sum to be paid to the vendor upon the procurement of the right to sell and carry on a retail liquor business within the saloon, a complaint by the assignee of the vendor to recover the amount of the deposit is insufficient if it does not aver that the vendee procured the right to carry on the business, or could carry on the business without the procurement of the license, or that by his own neglect or default he had failed to secure the privilege.

ID.—CONSTRUCTION OF CONTRACT—CONDITION AS TO OBTAINING LICENSE. Such contract of sale is to be construed as an agreement to pay a fixed price for the personal property owned by the vendor in the saloon, and to pay the additional sum when and if the vendee obtained a license to conduct the business; and if he succeeded, his liability was complete, but if he failed, then he owned the property for which he had paid the price, and the transaction was at an end.

APPEAL from a judgment of the Superior Court of Los Angeles County. LUCIEN SHAW, Judge.

The facts are stated in the opinion of the court.

*King & Harmon,* for Appellant.

*John W. Mitchell,* for Defendant Táppeiner.

*Graff & Latham,* for Respondents Laventhal.

HENSHAW, J.—Appeal from the judgment entered after demurrer sustained to plaintiff's second amended complaint; plaintiff refusing further to amend.

The facts pleaded are that Brown and Beaslin entered into an agreement (set forth in full in the complaint) by which Brown sold to Beaslin, for the sum of sixty dollars to him paid, certain personal property. This property consisted of "all of the goods in and owned by me in my place of business in the town of Azuza"—a retail liquor saloon.

"As a further and separate agreement between the parties," Beaslin agreed to deposit with the firm of Laventhal & Sons (defendants herein) three hundred dollars, "to be paid to the party of the first part upon the procurement of the right to sell and carry on the business at the place above named; that is, the retail or liquor business within the same."

Beaslin deposited the money with Laventhal & Sons, who hold it. Brown assigned his interest and rights "as per agreement" to Kiefer; Kiefer, after demand upon Laventhal & Sons, commenced this action to obtain the three hundred dollars, making Tappeiner, who claimed by assignment from Beaslin, one of the defendants.

The complaint nowhere avers that Beaslin procured the right to carry on the business of retail liquor dealer, or that he could carry on the business without procurement of a right (presumably a license), or that by his own neglect or default he had failed to secure the privilege.

These averments lay at the foundation of plaintiff's right of action, and should have been alleged in one or another of the modes indicated. (*Lower* v. *Winters*, 7 Cow. 263.)

From the agreement alone it may reasonably be inferred that Beaslin paid Brown sixty dollars for such personal property as Brown owned in the saloon, agreeing to pay him three hundred dollars more when and if he obtained a license to conduct the business. If he succeeded, his liability to pay was complete. If he failed, then he owned the property for which he had paid sixty dollars, and the transaction was at an end.

Judgment affirmed,

McFARLAND, J., and TEMPLE, J., concurred.