1290.  BRANTLEY COMPANY *v.* OCEAN STEAMSHIP CO.

:In interstate transportation, the question whether the rates contained in the schedules filed and published by the carrier are unreasonable addresses itself exclusively to the interstate-commerce commission and the Federal courts. If, however, a carrier in a given case charges more than the published rate, a suit for the overcharge may be maintained in the State court. It not appearing in the present case that the carrier charged more than the published rate, the court did not err in sustaining the demurrer to the petition.

Action for freight overcharges, from city court of Savannah— Judge Freeman. May 4, 1908.

Submitted October 29, 1908.—Decided March 23, 1909.

*Osborne & Lawrence, Edmund II. Abrahams,* for plaintiff.

*H. W. Johnson,* for defendant.

POWELL, J. The A. P. Brantley Company, of Blackshear, were engaged, during the years 1904 and 1905, in shipping cotton from interior points in the State of Georgia by rail to Savannah, and thence by Ocean Steamship Company to New York and to Pawtucket, Rhode Island. It is alleged, in the petition, that the rate charged by the Ocean Steamship Company to its patrons at Savannah for shipping cotton from Savannah to New York is 23 cents per hundredweight, and that, in the shipments referred to in the present action, it charged and collected from the plaintiffs certain

stated amounts in excess of that sum; it being also alleged that these amounts were unreasonable. The shipments were made on through bills of lading from interior points in this State to destinations in Rhode Island or New York.

The case is governed by the interstate-commerce act (24 Stat. 379, U. S. Comp. St. 1901, p. 3154) as it stood prior to the amendment of 1906 (34 Stat. 584, U. S. Comp. St. Supp. 1907, p. 892). That act was applicable to common carriers engaged "in the transportation of passengers or property, wholly by railroad, or partly by railroad and partly by water when both are used, under a common control, management, or arrangement, for a continuous carriage or shipment, from one State or Territory of the United States, or the District of Columbia, to any other State or Territory of the United States, or the District of Columbia, or from any place in the United States to an adjacent foreign country." The shipments on through bills of lading from interior points in this State partly by rail and partly by water to points in Rhode Island or New York seem, therefore, to be within the purview of the act. A shipment by all-water route from Savannah to New York would not be. Ex parte Koehler, 30 Fed. 869. Upon the authority of the case just cited (and the conclusion is wholly reasonable), it would seem that a shipper in Georgia might have taken a local bill of lading from the interior point to Savannah and there have delivered the goods to the Ocean Steamship Company for transportation to New York, and have claimed the right to the same rate as was given local shippers at Savannah for the transportation of the same commodity from Savannah to New York. The shipments in the present case, however, were on through bills of lading from interior points to destinations, and were, therefore, within the purview of the interstate-commerce act.

It is within the exclusive power of the interstate commerce commission and the Federal courts to determine whether the tariffs or joint-tariffs filed under the provisions of the interstate-commerce act are reasonable or not. If, however, the carrier charges more than the rate set out in the published schedule, an action will lie in the State court for the difference between the schedule rate and the rate charged in the particular case. Texas & Pac. Ry. v. Abilene Oil Co., 204 U. S. 427 (27 Sup. Ct. 350, 51 L. ed.

553); *Georgia Railroad* v. *Creely,* ante, 424 (63 S. E. 528); *So. Pac. Co.* v. *Crenshaw,* ante, 675 (63 S. E. 865).

The presumption is that the carrier has filed the joint-tariff as required by law. There is no allegation in the petition that the rates charged exceeded this tariff. The court, therefore, did not err in dismissing the petition, on demurrer. See, also, U. S. *v.* Seaboard Air Line Ry., 82 Fed. 563; Cinn., N. O. & T. P. R. Co. *v.* I. C. R., 162 U. S. 184 (16 Sup. Ct. 700, 40 L. ed. 935); Cosmopolitan Company *v.* Hamburg-American Co., 13 I. C. R. 266.

*Judgment affirmed.*