## PHILLIPS *et al. v.* BOND.

1. Where suit was brought in the superior court against a corporation, process was issued directed to it, and the sheriff made a return stating that "I have this day served the defendant's agt. [naming him] with a copy of the within writ, by handing copy to said agt.," such an entry of service was not void, and the record of the suit with the judgment thereon was not inadmissible as evidence on that ground.

2. The decision in *Burnett & Goodman* v. *Central of Georgia Ry. Co.,* 117 *Ga.* 521 (43 S. E. 854, 97 Am. St. R. 175), distinguished.

3. A mortgage in this State is only a lien, and conveys no title.  Possession by virtue of it, therefore, furnishes no defense against an action of ejectment by the holder of the title.

Argued November 7, 1908.—Decided April 15, 1909.

Ejectment.  Before Judge Martin.  Twiggs superior court. April 14, 1908.

John R. L. *Smith,* for plaintiffs.

Olin J. *Wimberly* and Akerman & *Akerman,* for defendant.

Lumpkin, J. An action of ejectment in the common-law form was brought on the several demises of Monroe Phillips as executor of the will of Hayward H. Phillips, Monroe Phillips individually, Robert H. Cowart by his guardian Monroe Phillips, John Phillips, Mary J. Reed, Roxie A. Stapleton, Lorena R. Johnston, and Ophelia R. Phillips, against J. T. Bond. The defendant testified, that he purchased the land from Mrs. Johnston and Mrs. Stapleton and went into possession; that he then sold the land to one Rogers, receiving $500 in cash and a mortgage for $2,500; that Rogers sold the property to the Reco Mining Company and put them in possession; and that he purchased at a sale made by the United States marshal under an execution against the mining company, and took possession. In answer to the question "The only title that you claim is this marshal's deed, is not that correct, outside of your mortgage?" He answered, "Yes sir, I suppose so; that is all I could claim." There was introduced in evidence a warranty deed from Lorena H. Johnston and Roxie A. Stapleton to J. T. Bond, dated May 11, 1901, and recorded June 1, conveying the premises in dispute; and also a warranty deed from J. T. Bond to R. M. Rogers, dated June 4, 1901, and recorded June 22; and a warranty deed from R. M. Rogers to Reco Mining Company, dated June 24, 1901, and recorded December 2. The writ of execution from the United States court and the marshal's deed made in pursuance of the sale thereunder were introduced in evidence, the deed being dated November 5, 1906, and reciting that the sale was made on August 7 preceding. The execution stated that the judgment was recovered on March 25, 1902. The defendant offered in evidence a record from the superior court of the same county, in an action of complaint to recover the land now in controversy, brought by Monroe Phillips, executor, one of the lessors in the present case, against the Reco Mining Company, alleged to be a corporation of New Jersey. The suit was brought to the April term, 1902, of the superior court. The entry of service was in the following words: "Georgia, Twiggs Co. I have this day served the defendant's agt., J. T. Dean, with a copy of the within writ, by handing copy to said agt.," signed by the sheriff and dated March 22, 1902. On April 7, 1903, the record shows that a jury found a verdict in that case in favor of the plaintiff for the premises in dispute, and a judgment was entered thereon. This

record was rejected from evidence, on objection, on the ground that the return of service was not sufficient to show a legal service upon the defendant, and that therefore the proceeding and the verdict and judgment therein were not binding upon the defendant in the present case. The plaintiffs having rested their case, on motion of the defendant a nonsuit was granted, and the plaintiffs excepted.

1, 2. The controlling question in this case is whether the entry of service in the former suit was sufficient to show service on the defendant corporation. The sheriff's entry of service stated that "I have this day served the defendant's agt., J. T. Dean, with a copy of the within writ, by handing copy to said agt." The objection was that it did not recite that the sheriff had served the defendant corporation, but only that he had served its agent. Section 1899 of the Civil Code is as follows: "Service of all subpoenas, writs, attachments, and other process necessary to the commencement of any suit against any corporation in any court, except as hereinafter provided, may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced. The officer shall specify the mode of service in his return." It would doubtless have been more accurate if the sheriff had returned that he served the corporation by serving its agent personally with the copy of the petition and process directed to it. The statute itself does not, however, prescribe the exact form of the return to be made. It says that service of all writs against any corporation, except as otherwise later provided in the code, "may be perfected by serving any officer or agent of such corporation," etc. It does not itself in express terms say that the service may be perfected on the corporation by serving any officer or agent thereof, but of course it means this. It declares, in substance, that, where not otherwise provided, the legal effect of serving a process necessary to the commencement of a suit against a corporation (which must be directed to the corporation to make it a party) by serving any officer or agent of such corporation with such process shall be to perfect service on the corporation itself. This contemplates personal service on the agent. The other mode of serv-

ing the corporation by leaving a copy at the place of transacting its usual and ordinary business is not here involved. An examination of other statutes in regard to serving various corporations will show that great verbal nicety is not used in some of them. Thus in the Civil Code, §1984, it is declared that "Service of the process upon the agent of any such banks shall be as legal and effectual as if served on the president, cashier, or bank at its usual place of business." This had reference to service of process in a suit brought against a bank. Of course it did not mean to say that service of process upon the agent was not service upon the bank, though such a technical, verbal criticism might be made from the language employed. It evidently meant that serving the agent with process directed to the bank should be effectual as a service on the bank. The section immediately following (1985) declares, that, "When such process is served upon such agent, the proceedings thereafter shall be conformable to the provisions of existing laws in suits against banks; and the judgment, when obtained, shall be as binding and effectual as judgments against banks now are by law." These laws as to service must be construed in connection with other laws which provide what must be served. It is required, in cases of suits begun in courts of record by petition, that the clerk shall annex a process calling on the defendant to appear at the term fixed by law for that purpose, and that a copy of the petition and process shall be served on the defendant. As corporations are artificial persons having no visible personality on which service can be made by the sheriff or serving officer, the legislature has provided certain means by which service of process may be perfected upon them. One of these is by serving "any officer or agent of such corporation," except where otherwise provided. Suppose that the sheriff, in addition to the entry of service which he made in the present case, had added a statement that, under section 1899 of the Civil Code, the service which he had made upon the agent as shown by the preceding portion of his entry operated to perfect service upon the corporation, and that he declared it to have that legal effect, how much force would such a declaration on the part of the sheriff have added to the effect which the law gave to the service on the agent? Here was a petition against a corporation, with a process annexed thereto, summoning the corporation to appear at the proper term of court;

and the sheriff's entry showed that he had served the defendant's agent with "the within writ" by handing a copy to such agent. The corporation was sued, summoned, and a copy of the writ (presumably including the copy of the petition, as that was required to have the process annexed to it and be thus served) was delivered to the person to whom the law required that it should be delivered in order that service might be "perfected." Why did this not perfect the service?

In *Jones* v. *Tarver*, 19 *Ga.* 279, a suit was brought against an individual, one mode of service permissible being by leaving a copy at the defendant's residence. The sheriff's return there involved showed that he had left copies "at the house of the defendant." This was held sufficient. In *Morris* v. *Bradford*, 19 *Ga.* 528, the entry of service considered was in the following terms: "Left a copy of the within bill of injunction at the residence of George W. Crawford, one of the defendants, this day, December 11th, 1841." There was no answer of Crawford filed to the bill, and a decree was taken. It was held that this service was sufficient to give force and effect to a decree against him. In *National Bank of Augusta* v. *Southern Porcelain Mfg. Co.*, 55 *Ga.* 36, it was held that "Service upon the president of the company in the county of Richmond, where he resided at the commencement of the action, and where the books of the company were, and where the stockholders were under notice to meet, is sufficient service upon the company." From the original record of file in the office of the clerk of this court it appears that the entry there made was as follows: "I have this day served the defendant, James S. Hope, president, personally with a copy of the within petition and process." In *Central Railroad* v. *Smith*, 69 *Ga.* 268, the plaintiff brought suit against the defendant for a personal injury alleged to have occurred while the defendant was operating and running the trains of the Southwestern Railroad, which it had leased. The following entry of service was made by the sheriff: "I have this day executed the within writ by serving a copy thereof on R. T. Gilbert, agent Central Railroad and Banking Company, at Georgetown." It was held, that, "Where one railroad in this State has leased and is operating another, in a suit against the lessee an entry of service by the sheriff by serving personally its depot agent was sufficient." In *Mitchell* v. *Southwestern Railroad*, 75 *Ga.*

398, the return of service by the sheriff was as follows: "I have this day served Lott Warren, agent, at the depot, at Americus, Sumter county, Georgia, personally with a copy of the within, this March 20th, 1883." A second original issued, with process directed to the sheriff of Bibb county, and was served on the president of the defendant in that county. The defendant traversed the entry of service and pleaded to the jurisdiction, alleging that it had no office and no agent in Sumter county, and that all of its property was held by the Central Railroad Company under a lease. It also made a motion to dismiss the case, on the ground that there was no legal service. It was held that the service was sufficient.

It was argued on behalf of the defendant in error that in none of the cases cited was the exact point discussed which is now made, namely, that the entry of the sheriff should state that the service was made on the defendant by delivering a copy to its agent, and not merely that he served the writ upon the agent of the corporation by handing it to him. It is true that the precise contention now made has not been discussed, but entries of service quite similar to, certainly no more formal than, that which was made in the present case have been treated as sufficient, especially after judgment has been rendered thereon without objection.

In Keener *v.* Eagle Lake Land Co., 110 Cal. 667 (43 Pac. 14), service was made by a private individual (which apparently was permissible under the laws of California), and he made an affidavit showing such service on the defendant corporation. Judgment by default was rendered, and the defendant appealed. The appellant urged that the judgment was void because there was no proof of service of summons upon the defendant. It was held, that "In an action against a corporation, an affidavit of service of summons, stating that it was personally served upon a designated person, described as the managing agent of the corporation, by delivering to such managing agent personally a copy of the summons attached to a copy of the complaint, sufficiently shows that the service was made upon the corporation, and is prima facie proof that the person served was its managing agent upon whom the summons was authorized to be served for the corporation." In the opinion Harrison, J., said: "It is objected that this affidavit merely shows that the service was made upon Elledge, and does not show that it was made upon the corporation. . . It

sufficiently appears from the complaint that the defendant is a corporation, and the corporation is the only defendant in the action." So in the case before us the record of the former proceeding which was tendered in evidence showed that the only defendant was the Reco Mining Company, that process was issued against it alone, and that the sheriff returned that he had served "the defendant's agt.," naming him, with a copy of the writ by handing it to "said agt." It is clear that the corporation was the defendant against whom the plaintiff brought the action, that the sheriff, in making his entry of service, recognized the corporation as the defendant on whom he was attempting to perfect such service, and that he did this in the way pointed out by the statute, namely, by personally serving the defendant's agent. We agree with the Supreme Court of California in saying that "it would be sacrificing substance to form to hold that this service was not made upon the defendant." In Grand Rapids Chair Co. v. Runnels, 77 Mich. 104 (43 N. W. 1006), it was held that a return of service of process upon "Charles C. Comstock, as president of the Grand Rapids Chair Company, who is the owner of said goods and chattels described in within writ," sufficiently showed a service on the corporation named. In the opinion Morse, J., said: "It is not best to void the sheriff's return, and thereby nullify the whole proceedings in nineteen suits, by hair-splitting."

Service, or waiver of service, is necessary to give a court jurisdiction to render judgment against the defendant. If there is an entire absence of a return of service, or if the return made is void because showing service upon the wrong person, or at a time, place, or in a manner not provided by law, the court should not proceed. The return of the officer is evidence of the service. "If, however, the fact of service appears, and the officer's return is irregular or incomplete, it should not be treated as no evidence, but rather as furnishing defective proof of the fact of service." *Jones* v. *Bibb Brick Co.*, 120 *Ga.* 324 (48 S. E. 325). If the fact of service appears, but the return is irregular, it may be amended. As stated by Mr. Justice Lamar in his opinion in the case last cited, the decisions construing sections 1901 and 4710 of the Civil Code may be reconciled by noting whether in the particular case the process was valid or void; whether the return was void or only defective; whether the issue was raised before or after judgment;

and whether on the hearing the evidence or pleadings showed that the service was good or bad. In the case against the Reco Mining Company it does not appear that any point was raised upon the service before the judgment was rendered. If it should be conceded that the entry was not entirely regular in form, but would have been more perfect and exact if it had stated that the service was made on the defendant in the manner provided by the statute, it was not a void entry. There is a general presumption in favor of judgments of courts of competent jurisdiction; and the record of the suit and judgment against the defendant should not have been rejected as a void proceeding, because of the form of the entry of service.

It was argued, that, when the record was tendered in evidence and objection was made thereto, it was incumbent on the plaintiff to have the entry of service amended. If it might have been made more technically exact, it was not void nor so imperfect as to authorize the rejection of the record from evidence because of it. If, in spite of the return, there was in fact no service, or if the agent was not one of such a character that service could be perfected upon him, after judgment this was matter which should have been set up in some direct attack upon the judgment, rather than by mere objection to the admission of the record in evidence. In *Pennsylvania Casualty Co.* v. *Thompson,* 123 *Ga.* 240 (51 S. E. 314), the entry of service was in these words: "I have this day served E. T. Moore, agent, personally, with a copy of the within bill and process." There was an entry of default made on the docket at the appearance term. At the trial term, and before the final judgment was rendered, the defendant appeared and moved to dismiss the case for want of service, which motion was overruled. On motion of the plaintiff, the sheriff was then allowed to amend his entry of service as follows: "By permission of the court I hereby amend my entry of service, by saying that I served the defendant company, the Pennsylvania Casualty Company, of Scranton, Pa., by personally serving E. T. Moore, their agent, with a copy of the within writ and process. This April 1, 1904." The defendant then moved to open the default, offering to pay the court costs, and asking leave to demur and answer instanter. This motion was refused. Exceptions pendente lite were taken to these rulings. The trial resulted in a verdict for the plaintiff. The

defendant moved for a new trial, which was overruled, and it excepted. The opinion of Presiding Justice Fish. concludes thus: "As the court erred in refusing to allow the defendant to demur and plead, it is unnecessary to pass upon the assignments of error made in the motion for a new trial." The entry of service there involved was more imperfect than that now under consideration by us. In that case it was not stated for whom Moore was the agent, nor was there anything in the entry to connect him with the defendant. The point was also made before final judgment.

It was argued that the rulings in cases of garnishments were practically controlling in regard to the entry of service here involved. But the two classes of cases are quite different. Section 4710 of the Civil Code provides that "Service of a summons of garnishment upon the agent in charge of the office or business of the corporation in the county or district at the time of service shall be sufficient." In this State the original summons of garnishment is served, not a copy of an original which remains on file; nor is there any provision of law for keeping on file a copy of the summons thus served. *West* v. *Harvey,* 81 *Ga.* 711 (8 S. E. 449). The only evidence of record, showing to whom the summons is directed, is the entry of the officer. If his entry does not indicate service of a summons of garnishment directed to the corporation claimed to be garnished, there is nothing of record to show it. In *Burnett & Goodman* v. *Central of Georgia Ry. Co.,* 117 *Ga.* 521 (43 S. E. 854, 97 Am. St. R. 175), it was held that "An entry of service of a summons of garnishment, stating that the same was served 'personally on S. C. Hoge, agent in charge of the office of the Central of Georgia Railway Company,' does not show a service upon the corporation, but only upon the person named as an individual; the words 'agent in charge of,' etc., serving merely to describe and identify the individual." As there was nothing to show to whom the summons of garnishment was directed save the entry of service, it might be presumed that the summons followed the entry, and that it was directed, not to the company, but to the agent personally. An execution or process against a named person, with the added words "agent for"another, is a process against the person named, and not against the principal. If a summons of garnishment was issued against Hoge, although described as the agent in charge of the office of the Central of

Georgia Railway Company, and was served upon him, although the entry of service may have contained a similar description, he, and not his principal, was the garnishee. In the opinion Mr. Justice Cobb said: "This rule should, if anything, be more strictly applied in cases of garnishments than in ordinary suits." This is true for the reasons above mentioned. But, while some of the expressions used in the opinion in that case might appear to have a broader application, they must be taken in connection with the case which was before the court. The ruling made in regard to garnishment proceedings of the character above indicated is not controlling in a case where there was a regular suit by petition, a single corporate defendant, a process directed to the sheriff and attached to the petition, requiring the defendant named to appear at the next term of the court, and an entry by the sheriff (whose duty it was to serve that writ on the defendant named in it) showing an effort to make service of it, and that he had served the defendant's agent personally with a copy of such writ.

3. In the brief of counsel for defendant in error it was suggested that the defendant Bond had sold the land to one Rogers, and had taken a mortgage for the balance of the purchase-money, that Rogers had sold to the Reco Mining Company, and that Bond had acquired lawful possession. But the present action was a suit in ejectment in the common-law form. If Bond has a valid mortgage upon the property (as to which we express no opinion), it is only a lien, not a title. Civil Code, §2723. A mortgagee in this State is not entitled to the possession of the mortgaged land by virtue of the mortgage.

> *Judgment reversed. All the Justices concur.*