## 5508. MANUFACTURERS FURNITURE CO. *v.* BLUMENFELD.

The plaintiff's case depended upon an alleged contract of guaranty, evidenced by a letter written by one assuming to act for an alleged corporation. The name of the business concern for which the individual defendant purported to act imports a corporation; and, according to the tenor of the letter, it was this corporation, and not the defendant individually, that undertook to guarantee payment of the account of the principal debtor. Without reference to the question whether the offer of a guaranty was accepted or not, the allegations of the petition were insufficient to impose liability as a guarantor upon the defendant individually, and the court did not err in sustaining the general demurrer and dismissing the petition.

DECIDED JUNE 22, 1914.

Action on guaranty; from city court of Savannah—Judge Davis Freeman. January 17, 1914.

*W. W. Gordon,* for plaintiff.    *G. H. Richter,* for defendant.

ROAN, J. This was a suit brought in the city court by the Manufacturers Furniture Company against M. Blumenfeld upon a foreign judgment against H. Blumenfeld, for the purpose of binding the defendant upon a contract of guaranty alleged to be contained in a letter written by him to the plaintiff. On September 19, 1911, the plaintiff sent a letter to the Savannah Bag Company, stating that H. Blumenfeld desired credit from the plaintiff, and inquiring if the Savannah Bag Company would consent for goods, in an amount specified, to be charged to it. The following letter was sent in reply to this inquiry: "Savannah, Ga. Sept. 21, 1911. The Manufacturers Furniture Co., . . Memphis, Tenn. Gentlemen: We have your favor of September 19th, and carefully note contents. We will be willing to guarantee for Mr. H. Blumenfeld

the first few bills of goods that he may purchase from you, but we can not allow you to charge the goods to us, for we are not in the furniture business. Yours truly, [signed] Savannah Bag Co., per M. Blumenfeld."

The name "Savannah Bag Company" imports a corporation; and this being true, if the letter refers to it in the statement "We will be willing to guarantee," etc., the suit should have been brought against the company, and not against the defendant individually. If there was in fact no such corporation, and the term "Savannah Bag Company" was a mere trade name used by the individual, M. Blumenfeld, in the conduct of his business, this fact should have been stated in the petition. This being true, the court did not err in sustaining the general demurrer and dismissing the petition. *Sanderson* v. *Etcherson, 36 Ga.* 410. *Judgment affirmed.*