### 12908. CHATHAM MOTOR COMPANY v. COMMERCIAL CREDIT COMPANY.

HILL, J. 1. In a suit on a promissory note which contains an unconditional and unequivocal promise to pay, but which contains also a reference to a collateral agreement, it is not necessary to plead the collateral agreement by attaching a copy of it to the petition, where it does not appear from the reference to it in the note that it is such an agreement as would vary or affect the terms of the note.

(a) Where the reference to a collateral agreement in a promissory note was as follows: "This note including all installments thereof of even date herewith is identified with conditional sale agreement covering a certain motor-vehicle and certain personal property and equipment thereon," it did not appear therefrom that the agreement referred to was such an agreement as varied the terms of the note; and therefore the trial court did not err in overruling the demurrer based on the ground that the

collateral agreement referred to in the note sued on was not pleaded by being attached to the petition. See, in this connection, *Pyron* v. *Ruohs*, 120 *Ga.* 1060 (6); 1065 (48 S. E. 434).

2. A motion to dismiss the plaintiff's petition was made at the trial of the case, on the ground that the suit was brought on a promissory note that did not express the entire contract between the parties. The motion was overruled, a motion for a new trial was made and overruled, and within thirty days from the date of the order refusing to dismiss the petition a bill of exceptions was presented and certified. No exception having been taken to the final judgment overruling the motion for a new trial, or to the verdict and judgment as originally rendered, the only question that can be considered by this court is the judgment overruling the motion to dismiss the petition.

> Judgment affirmed. *Jenkins*, P. J., and *Stephens*, J., concur.
> DECIDED APRIL 1, 1922.

Complaint; from city court of Savannah — Judge Freeman. September 16, 1921.

*R. L. Colding,* for plaintiff in error.

*Ulmer & Bright,* contra.