14849. TIFTON COMPRESS CO. *v.* ROBINSON *et al.*

BELL, J. 1. A return of service upon a garnishee, in the following language: "Georgia, Tift county. I have this day, at the hour of 6:45 o'clock p. m., served summons of garnishment based on the within affidavit upon Tifton Compress Company, by serving S. L. Fleetwood, the officer in charge of the business at the office of said Tifton Compress Company, by handing said summons to him in person. This 11th day of October, 1922. W. A. Ross, Deputy Sheriff," is not void because of its failure to show that the officer served was the agent in charge of the office or business of the corporation in the county or district where the service was made. If the return was not in all respects sufficient, it was merely irregular or incomplete, and could have been cured by amendment. *Southern Express Co.* v. *National Bank of Tifton,* 4 *Ga. App.* 399 (1) (61 S. E. 857); *Seaboard Air-Line Ry.* v. *Davis,* 13 *Ga. App.* 14 (78 S. E. 687); *Twilley* v. *Middle Georgia Bank,* 28 *Ga. App.* 416 (1) (111 S. E. 694); *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (7) (48 S. E. 25).

2. If a judgment against a garnishee is based on a return of service which is not void but merely defective or incomplete, and therefore amendable, the incompleteness of the return is not a sufficient reason for ignoring the judgment, upon an affidavit of illegality merely pointing out the defect, but the affidavit should go further and allege that the service actually made was not such as is required by the statute. In this case, to be good, the affidavit should have averred that the garnishee had not been served as required by law, and that service had not been acknowledged or waived. *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 321 (1) (48 S. E. 25); *Cobb* v. *Pitman,* 49 *Ga.* 578; *LeMaster* v. *Orr,* 101 *Ga.* 762 (29 S. E. 32); *Phillips* v. *Bond,* 132 *Ga.* 413 (1) (64 S. E. 456); *Warwick Gin & Cotton Co.* v. *Continental Gin Co.,* 143 *Ga.* 508 (2) (85 S. E. 700); *Wheeler* v. *Martin,* 145 *Ga.* 164 (2 *a*) (88 S. E. 951). In this view it is unnecessary to determine whether there should have been also a traverse of the officer's return, in connection with this ground of the illegality.

3. The name "Tifton Compress Company" imports a corporation. *Holcomb* v. *Cable Co.,* 119 *Ga.* 466 (1) (46 S. E. 671); *Alsobrook* v. *State,* 126 *Ga.* 100 (2) (54 S. E. 805); *Charles* v. *Valdosta Foundry & Machine Co.,* 4 *Ga. App.* 733 (1) (62 S. E. 493); *Manufacturers Furniture Co.* v. *Blumenfeld,* 14 *Ga. App.* 671 (82 S. E. 151); *Georgia, Florida & Alabama Ry. Co.* v. *Blish Milling Co.,* 15 *Ga. App.* 142 (4) (82 S. E. 784). Where the name of a party to a suit is such as to import a corporation, there is a presumption of corporate character which will prevail until

the contrary is shown. *Holcomb* v. *Cable Co.*, supra; *Georgia Co-operative Fire Asso.* v. *Borchardt*, 123 *Ga.* 181 (4) (51 S. E. 429, 3 Ann. Cas. 472). If in fact the party was not a corporation, this should have been taken advantage of before judgment, by a proper plea. *Cribb* v. *Waycross Lumber Co.*, 82 *Ga.* 597, 598 (9 S. E. 426).

4. In this State the original summons of garnishment is served. It is not the practice to serve a copy of an original remaining on file, nor is there any provision of law for keeping on file a copy of the summons thus served. *West* v. *Harvey*, 81 *Ga.* 711 (8 S. E. 449). The only evidence of record showing to whom the summons is directed and to what court it is returnable is the entry of the officer. *Phillips* v. *Bond*, 132 *Ga.* 421 (supra). Where a plaintiff sues out a garnishment proceeding and the proper officer returns that he has served the garnishee with a summons of garnishment, the return prima facie means that the summons served directed the garnishee to file his answer in the court to which the garnishment proceeding was pending, at the term convening next after ten days from the date of the service. If the summons was not in accordance with this presumption, specific objections should be made thereto with a traverse of the entry of service. *O'Neill Mfg. Co.* v. *Ahrens & Ott Mfg. Co.*, 110 *Ga.* 656 (1) (36 S. E. 66); Civil Code (1910), §§ 5269, 5570. "All laws upon the subject of . . garnishment as to any matter whatsoever in the superior courts of this State shall apply to" the city court of Tifton, "so far as the nature of said city court will admit." Ga. L. 1906, p. 358, § 41.

5. The failure of the record to show that the garnishee was a resident of the county in which the garnishment proceeding was pending, and in which, as shown by the entry of service, the garnishee was required to answer, will afford no ground of illegality as to a default judgment against the garnishee. Civil Code (1910), § 5563; *Raney* v. *McRae*, 14 *Ga.* 589 (5) (60 Am. Dec. 660); *Jordan* v. *Carter*, 66 *Ga.* 254; *Harbig* v. *Freund & Co.*, 69 *Ga.* 180 (1); *Hartsfield* v. *Morris*, 89 *Ga.* 254 (15 S. E. 363); *Sanford* v. *Bates*, 99 *Ga.* 145 (2) (25 S. E. 35). Moreover, as to a corporation it is sufficient in respect of residence if it has an agent and place of business in the county or district where the garnishment proceeding is pending. Civil Code (1910), § 2260.

6. Under the above rulings all grounds of the affidavit of illegality were properly stricken.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 7, 1923.

Affidavit of illegality of execution; from city court of Tifton— Judge J. H. Price. July 7, 1923.

*Fulwood & Hargrett,* for plaintiff in error.

*Rogers & Rogers,* contra.