262

*R. L. Maynard,* for plaintiff.   *J. C. Pratt,* for defendant.

### 19001.   SUDDATH *v.* BLANCHARD & CALHOUN.

BELL, J.  1. In a suit upon a promissory note which contains an unconditional and unequivocal promise to pay, but which also contains a statement that it is given in accordance with the provisions of a certain subscription to stock in the payee corporation and represents a remainder of the purchase-price of the stock, it is not necessary that a copy of the stock subscription should be attached to the petition, or that its contents should otherwise be shown, where a copy of the note itself is attached and it does not appear from the face of that instrument that the subscription contract embodied any agreement varying or affecting the terms thereof.  In the instant case, if there was anything in the subscription contract of which the defendant desired to take advantage, he should have done so by proper plea, and not by demurrer to the petition.  *Chatham Motor Co.* v. *Commercial Credit Co.,* 28 *Ga. App.* 428 (111 S. E. 688); *Reed* v. *Colonial Hill Co.,* 34 *Ga. App.* 48 (128 S. E. 201); *Hazlehurst* v. *Stahl Florida Properties Co.,* 39 *Ga. App.* 209.

2. In such a case, if the transaction between the payee corporation and the subscriber who executed the note was one which the corporation should

not have entered into without first complying with the "Georgia Securities law" (Ga. L. 1920, p. 250), it will be presumed, in the absence of anything to show the contrary, that this law was complied with. The law presumes that every man in his private and official character does his duty, until the contrary is shown, and where a person is required by law to do a certain act, the omission of which would make him guilty of crime or culpable neglect of duty, it will be assumed that he has performed it, if there is nothing to show his nonperformance. *English* v. *Poole,* 31 *Ga. App.* 581 (4) (121 S. E. 589); *Bartow Guano Co.* v. *Adair,* 29 *Ga. App.* 644 (3) (116 S. E. 342); *Brantley Co.* v. *Ocean Steamship Co.,* 5 *Ga. App.* 844 (63 S. E. 1129); *Morgan* v. *Interstate Building & Loan Asso.,* 108 *Ga.* 185 (4) (33 S. E. 964); *Steed* v. *American National Bank,* 136 *Ga.* 693 (71 S. E. 1116). The petition was not subject to demurrer upon the ground that it failed to allege a compliance by the payee with the provisions of the securities act.

3. The petition set forth a cause of action, and the demurrer was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 7, 1929.

*Oliver & Oliver,* for plaintiff in error.
*Connerat & Hunter,* contra.