25384. DUNN & McCARTHY INC. *v*. PINKSTON *et al.*

DECIDED JULY 9, 1936. REHEARING DENIED JULY 24, 1936.

*Hollis Fort, R. L. Maynard,* for plaintiff.
*James A. Fort, John A. Fort, Stephen Pace,* for defendants.

BROYLES, C. J. On July 2, 1930, the judge of the superior court of Sumter County issued an attachment in favor of Pinkston against Dunn & McCarthy Inc., the affidavit alleging an indebted-

ness of $1597.45, and that Dunn & McCarthy Inc. resided without the State. Pinkston filed the regular attachment bond, signed by him as principal and J. E. B. McLendon as security. On July 2, 1930, the judge issued summons of garnishment directed to "Churchwell's," requiring the garnishee to answer to the city court of Americus, Sumter County, Georgia. On July 3, 1930, the sheriff of Sumter County made the following entry on the attachment: "Georgia, Sumter County. At 8:30 a. m. o'clock, on the 3rd day of July, 1930, I personally served summons of garnishment based upon the within affidavit and bond, *copy* as above, upon Churchwell's, by personally serving John Faglie, manager in charge at Americus, Georgia." On July 3, 1930, the sheriff of Sumter County served the declaration in attachment "on Dunn & McCarthy Inc., by serving John Faglie, manager of Churchwell's." On August 2, 1930, Dunn & McCarthy Inc. filed a bond to dissolve the garnishment. On September 5, 1930 (more than a month after Dunn & McCarthy Inc. filed the dissolution bond), A. F. Churchwell filed an answer (dated September 3, 1930) to the garnishment, stating that "he" was indebted to the defendant, Dunn & McCarthy. The answer contained no statement as to the indebtedness of Churchwell's to the defendant. On October 3, 1930, Dunn & McCarthy Inc. filed a demurrer, plea, and answer. On August 18, 1931, Dunn & McCarthy Inc. filed a special plea to the effect that Pinkston could not maintain his suit, because he was operating under the trade-name of "Pinkston Company," and had failed to register his trade-name as required by law. Ga. L. 1929, p. 233, Code, §§ 106-301 et seq. Pinkston's demurrer to this special plea was sustained. On October 2, 1931, the jury returned a verdict in favor of Pinkston. Dunn & McCarthy Inc. filed a motion for new trial, which was overruled, and this court affirmed that judgment. 47 *Ga. App.* 514 (170 S. E. 922). On certiorari the Supreme Court reversed the judgment of the Court of Appeals, and held that Pinkston could not maintain his suit, because he had failed to register his trade-name as required by law. 179 *Ga.* 31 (175 S. E. 4). Pinkston thereafter dismissed his suit. On February 8, 1935, Dunn & McCarthy Inc. filed the instant suit against J. A. Pinkston and the surety on his bond, J. E. B. McLendon, for damages on the statutory bond which Pinkston had filed in the original attachment case. Pinkston filed general and special de-

murrers to the petition and to the petition as amended, which demurrers were overruled, and exceptions pendente lite were filed. At the close of the plaintiff's evidence the judge sustained a motion for nonsuit, and Dunn & McCarthy Inc. excepted. The motion for nonsuit was based on the grounds that no property of Dunn & McCarthy was legally seized under the attachment proceedings either by valid levy or by garnishment; that the city court of Americus never had jurisdiction of the attachment proceedings, or of Dunn & McCarthy Inc., or of any property or money of Dunn & McCarthy Inc.; and that the alleged damages were the result of Dunn & McCarthy Inc. voluntarily appearing and pleading to the merits.

At the trial it was agreed by the parties "that Churchwell's is now, and was in July, 1930, when original attachment proceedings were filed, a partnership composed of A. F. Churchwell and S. G. Coleman, both of whom were at that time and are now residing at Waycross, in Ware County, Georgia." The ground on which the attachment was based was that Dunn & McCarthy Inc. lived out of the State. Therefore it was undisputed that neither the defendant nor the garnishee lived in Sumter County; and the attachment was returnable to the city court of Americus, Sumter County. The return of the sheriff of Sumter County shows that he served the summons of garnishment on Churchwell's, by "serving John Faglie, manager in charge at Americus, Georgia." This was not a legal service. The Code, § 8-503, provides that when the garnishee resides in a county other than the one in which the attachment issues, the magistrate issuing same shall make a certified copy of the affidavit, bond, and attachment, "and upon the delivery of such copy to any magistrate or other officer who is authorized by law to issue an attachment, *in the county in which the person sought to be garnished resides* [italics ours], it shall be the duty of such magistrate, or other officer, to make out a summons of garnishment for such persons," which is served by an officer of the county of the garnishee's residence. Service on the garnishee's manager residing in Sumter County was not sufficient, and did not give the court jurisdiction. *King* v. *Passmore,* 18 *Ga. App.* 514 (89 S. E. 1103). Since the garnishee was composed of a partnership and both partners resided in Ware County, the return of service by the sheriff of Sumter County was not legal. "A legal return of service is essential in a civil action to give the court jurisdiction of the person."

*Callaway* v. *Douglasville College,* 99 *Ga.* 623 (25 S. E. 850). The return of the sheriff also shows that he served a "copy" of the summons of garnishment. "In this State the original summons of garnishment is served, not a copy." *Phillips* v. *Bond,* 132 *Ga.* 413, 421 (64 S. E. 456) ; *West* v. *Harvey,* 81 *Ga.* 711, 712 (8 S. E. 449) ; *Tifton Compress Co.* v. *Robinson,* 31 *Ga. App.* 350 (4) (120 S. E. 701) ; *Georgia Power & Light Co.* v. *Wilson,* 48 *Ga. App.* 764, 766 (173 S. E. 220). Moreover, there was no proper answer of the garnishee. The summons of garnishment, as indicated by the return of service, was directed to "Churchwell's." The agreement of the parties shows that Churchwell's was a partnership composed of A. F. Churchwell and S. G. Coleman. The answer to the summons of garnishment was by A. F. Churchwell individually. While he states in the answer that he is a member of the firm of Churchwell's, he does not state that he is answering for the firm, or that the firm is or is not indebted to the defendant. The answer was signed and sworn to by "A. F. Churchwell," and recited that when the summons of garnishment was served upon him "he" was indebted to the defendant, and that since the service "deponent" had become indebted to the defendant. There being no legal seizure of the defendant's property under the attachment proceedings, the court was without jurisdiction. *Albright-Pryor Co.* v. *Pacific Selling Co.,* 126 *Ga.* 498 (55 S. E. 251, 115 Am. St. R. 108) ; *Family Finance Co.* v. *Downing,* 51 *Ga. App.* 750 (181 S. E. 492) ; *Clark Milling Co.* v. *St. Louis &c. Ry. Co.,* 33 *Ga. App.* 660 (127 S. E. 783).

Dunn & McCarthy Inc. filed no plea to the jurisdiction of the city court of Americus. Instead they voluntarily came into court and dissolved the garnishment by giving bond. The bond was filed on August 2, 1930. It was more than a month thereafter that the alleged answer of the garnishee was filed. The filing of the dissolution bond ended the attachment case, and it thereafter proceeded as an ordinary suit at law, and the alleged damage was sustained by Dunn & McCarthy Inc. after the filing of the dissolution bond, after the attachment had ended, and when the action was one at common law. There was no legal seizure by levy or garnishment of any of the defendant's property before the filing of the dissolution bond; and the dissolution bond having converted the case into a common-law action, no recovery could be had on the

original statutory bond given in the attachment case. *Alvaton Mercantile Co.* v. *Caldwell,* 156 *Ga.* 317 (119 S. E. 25). In *Massachusetts Bonding & Insurance Co.* v. *United States Conservation Co.,* 31 *Ga. App.* 716, 720 (122 S. E. 728), this court said: "The pendency of an ordinary common-law suit may act as a standing menace to the defendant and cause him irreparable damage for which he can not recover. Upon such a suit summons of garnishment may be issued from time to time, and yet no right of action would exist for any menacing effect which the pendency of such a suit, with the possibility of garnishment thereon, would have upon the defendant. The bond here sued upon, being the statutory bond required of the plaintiff in attachment under the Civil Code (1910), §. 5057 [1933, § 8-111], is conditioned to pay to the defendant in attachment 'all damages that he may sustain and also all costs that may be incurred by him in consequence of suing out the attachment in the event the plaintiff shall fail to recover in said case.' 'Said case' necessarily is the attachment case, and there can be no attachment case in the absence of a levy or a seizure of property by garnishment. [Citing authority.] It certainly can not refer to the common-law suit, which would exist by virtue of personal service on the defendant, in the absence of any property being attached. It is not the policy of the law to give a right of action to a defendant for any damage which he may suffer as the result of an ordinary suit instituted against him, where the institution of the suit is not maliciously done or the process of the courts abused. We therefore conclude that, under the statutory bond required of the plaintiff in attachment, the defendant can not recover of the principal and surety thereon for damage other than such as proximately results from the seizure of the defendant's property under the attachment." The fact that Churchwell's thought they had been garnished, and stated that they had been garnished, does not make the garnishment legal; and it is immaterial that Dunn & McCarthy appeared and filed a plea to the merits *after* the filing of the dissolution bond on August 2, 1930. There having been no legal seizure of the property of the defendant in attachment, either by levy or by garnishment, and the attachment having been dissolved by the filing of a dissolution bond before the answers of the garnishee and of the defendant in attachment, and the case having proceeded thereafter as an ordinary suit

at law, there is no liability on the attachment bond given by the principal and security therein to the defendant in attachment. The court did not err in granting a nonsuit.

Judgment affirmed. *MacIntyre and Guerry, JJ., concur.*