26802. GIBBS *v.* RHODES FURNITURE COMPANY INC.

DECIDED JULY 7, 1938. ADHERED TO ON REHEARING, JULY 26, 1938.

*H. A. Woodward*, for plaintiff in error.
*Benjamin E. Pierce Jr.*, contra.

STEPHENS, P. J. ■ Process of garnishment is instituted by the making of an affidavit and the giving of a bond by the plaintiff as required in the Code, § 46-102, and the issuance, by the officer authorized to issue it, of a summons of garnishment thereon, directed to the person sought to be garnished. Code, § 46-105. The name of the person to be garnished does not appear, either in the affidavit or in the bond, but appears only in the summons which is directed to him. Service of the process of garnishment

on the garnishee is made by the officer authorized to perfect such service by serving upon the garnishee named in the summons the original summons, and not a copy thereof as is the case otherwise in common-law suits. The return of the officer of the service of the summons of garnishment, which is made upon the affidavit and bond for garnishment, as to the service of garnishment upon the garnishee, is the only record evidence showing to whom the summons is directed and who is the garnishee. The return of the officer, which is a part of the record, in the absence of evidence that the summons of garnishment was in fact directed to a person other than the one named in the return of service of the summons of garnishment made by the officer who served the summons of garnishment, is conclusive as to the identity of the garnishee named in the summons of garnishment to whom the summons of garnishment was directed. In such a case the officer's return is not amendable so as to show that a person other than the one named in his return was the garnishee upon whom summons of garnishment was served. See *West* v. *Harvey*, 81 *Ga.* 711 (8 S. E. 449); *Phillips* v. *Bond*, 132 *Ga.* 413, 421 (64 S. E. 456); *United States Motor Co.* v. *Baughman Automobile Co.*, 16 *Ga. App.* 783 (2), 785 (86 S. E. 464). *American Railway Express Co.* v. *Reville*, 28 *Ga. App.* 249 (111 S. E. 65), *Render* v. *Hartford Fire Insurance Co.*, 33 *Ga. App.* 716 (127 S. E. 902), and *Southern Express Co.* v. *National Bank of Tifton*, 4 *Ga. App.* 399 (61 S. E. 857), are clearly distinguishable.

A corporation and an individual person are separate and distinct legal entities or persons. A suit against a corporation can not by amendment be converted into a suit against an individual. Service on a corporation of a summons of garnishment issued on an affidavit and bond for garnishment and directed to the corporation is a suit against the corporation. Such suit can not be converted into a suit against an individual as the garnishee. Therefore, an amendment to the return of service by the officer who served the summons of garnishment which shows that the service was perfected on the corporation as garnishee is not amendable so as to show that the individual and not the corporation is the garnishee, by showing service of the summons of garnishment upon the individual as the garnishee. This is true notwithstanding service was perfected upon the corporation as garnishee by being left

with the particular individual named as the agent in charge of the office and business of the corporation. This is also true notwithstanding there was no such corporation in existence.

■ Upon the trial of an issue made by an affidavit of illegality filed by John T. Gibbs to the levy of an execution against him as garnishee in favor of Rhodes Furniture Company Inc., issued on a judgment in favor of Rhodes Furniture Company Inc., against L. C. Vermillion and "John T. Gibbs, trading as Gibbs Auto Wrecking Co." as garnishee, which attacks the levy as illegal in that the execution under which it was made was issued on a judgment rendered against the affiant as garnishee on default by him of an answer to a summons of garnishment, which judgment was void in that no summons of garnishment had been issued directed to affiant or had been served upon him, where the only evidence of any summons of garnishment having been issued or served appears of record in the entry made by an officer of the court that he had "served summons of garnishment on the within affidavit and bond personally on Gibbs Auto Wrecking Co., a corporation, by handing same in person to John T. Gibbs agent in charge of the office and business of said corporation at Augusta, a member of said partnership at Augusta, Ga.," it appears from the record conclusively and as a matter of law that there was a summons of garnishment issued and directed to Gibbs Auto Wrecking Company, a corporation, as garnishee, and served on it by delivery of the summons of garnishment on John T. Gibbs, agent in charge of the office and business of the corporation at Augusta. In default of an answer to the summons of garnishment, which it appears conclusively and as a matter of law had not been served on the affiant, either individually or on him trading as Gibbs Auto Wrecking Company, there was no jurisdiction in the court in which the garnishment issued to enter judgment by default against John T. Gibbs, as garnishee, or against John T. Gibbs, trading as Gibbs Auto Wrecking Company, as garnishee.

■ The judge of the municipal court of Augusta, in which the affidavit of illegality was returnable, in passing on the issue made by the affidavit of illegality to the levy of the execution against the affiant, erred in permitting the officer who served the summons of garnishment to amend the return of service so as to read that he had served the summons of garnishment "personally on John

T. Gibbs trading as Gibbs Auto Wrecking Company by handing same personally to John T. Gibbs."

■ It was not harmful to the affiant, even if it was error, for the court to permit the execution, which was against John T. Gibbs, to be amended by adding after the name of John T. Gibbs, "trading as Gibbs Auto Wrecking Company." *Eslinger* v. *Herndon,* 158 *Ga.* 823 (124 S. E. 169).

■ The judge of the municipal court of Augusta erred in permitting the return of service of the summons of garnishment to be amended as indicated in paragraph 4, and in overruling, and not sustaining, the defendant's affidavit of illegality. The judge of the superior court erred in overruling, and not sustaining, the defendant's certiorari.

*Judgment reversed. Sutton and Felton, JJ., concur.*