## 29890. UNITED STATES FIDELITY AND GUARANTY COMPANY v. JOHNSON.

DECIDED MARCH 16, 1943. REHEARING DENIED MARCH 30, 1943.

*Davis & Davis,* for plaintiff in error.

*Leon & Dean Covington, J. R. Smith,* contra.

STEPHENS, P. J. This is a suit in which the plaintiff alleged, that he had sued out an attachment against J. O. Garrett; that the attachment was levied on a "certain Dodge-make automobile truck;" that verdict and judgment were rendered on said attachment in favor of the plaintiff against Garrett and the property levied on; that the Securities Investment Company filed a claim to "said truck" in the former case, and as part of said claim executed "a forthcoming bond," which the defendant in the present case signed as surety; that on the trial of said claim the jury found against the claimant and found "said property" subject, and upon that verdict a judgment was duly entered; that the value of "said truck" when levied on under said attachment was between $550 and $600; that demand for delivery of "said truck" has been made on the claimant, and said demand has not been complied with; and that the defendant is due to the plaintiff $275 with interest at the rate of 7 per cent. from the date of the verdict rendered in the attachment case; for which he prays judgment.

The defendant specially demurred to the petition wherein it was alleged that the attachment was levied on "a certain Dodge-make automobile truck," on the ground that such description was incomplete and too general, and that the description should have given the motor number of the truck and the year model. This demurrer was overruled, and the defendant excepted.

It appears from the petition that the Dodge automobile truck which was levied on under the attachment was claimed by the Securities Investment Company. It is alleged that the claimant "filed a claim to said truck," necessarily referring to the truck that was levied on under the attachment, that the claimant executed a forthcoming bond, and that "said truck" was released by the officer to the claimant. It appears from the allegations, irrespective of

whether the Dodge truck which was levied on under the attachment was described by its motor number in addition to its being described as a Dodge automobile truck, that the claimant gave bond for this truck, and that this truck was released to it by the levying officer. Under these allegations the defendant as surety on the claimant's bond was clearly put on notice that it was sued for the value of the truck which had been levied on under the attachment, and which same truck the claimant had acquired from the levying officer on giving the claim bond with the present defendant as surety. The description in the petition of the truck levied on, as "a certain Dodge-make automobile truck," is not incomplete or too general. The court did not err in overruling the demurrer.

There is no merit in the plea of "adjudication" by the Court of Appeals, in the decision of which it was held that the claimant had failed to prove title to the truck in the claim case, and that a verdict and judgment were rendered in favor of F. R. Johnson, the plaintiff in fi. fa. and the plaintiff in this case, and against the Securities Investment Company, the claimant. See *Securities Investment Co.* v. *Johnson,* 62 *Ga. App.* 695 (8 S. E. 2d, 794).

The defendant admits all the allegations of the petition except paragraph 6, which reads as follows: "Upon the giving of said bond the same was accepted by the levying officer and said truck released by said officer." Defendant's denial is as follows: "It denies that it gave bond for the truck levied on." This is not a denial of the allegation that "said truck" was "released by said officer." Allegations not denied by the answer are admitted as true. It therefore appears without dispute that said truck, the truck levied on, was delivered to the claimant. In the forthcoming bond sued on it is recited: "The levying officer named as the payee of this bond having, on December 28, 1938, levied the process designated in the foregoing affidavit, in favor of plaintiff named in said affidavit, against the defendant therein named, upon the property therein described in said affidavit, as the property of the defendant, to which said property the claimant, who is also the principal in this bond, has interposed his claim." The evidence introduced, when taken in connection with the admissions of the defendant in its plea and answer, demanded a finding for the plaintiff.

*Judgment affirmed. Sutton, J., concurs.*

FELTON, J., dissenting. I think the demurrer should have been

sustained, because the defendant was entitled to have alleged in the petition what truck was levied on and what truck was demanded of the defendant. The allegation in the petition is nothing more than a conclusion. The correctness of this view seems to me to be demonstrated by the very facts of this case. One 1937-model Dodge truck, motor No. 14-22551, was levied on. The bond was given for a 1938-model truck, motor No. T. 41-22551. If the defendant received from the levying officer the truck which was levied on, he would be liable for it under the bond if he received it under the bond, whether the bond described it or not; but he would not be liable for it until demand for the identical truck levied on, where no other breach of the bond is relied on. If a demand was made for the truck described in the bond, the defendant would not be liable for the one levied on and not described in the bond, because the whole cause of action depends on a demand for the right truck. The plaintiff should have been required to allege with definiteness the description of the truck levied on, which the petition by reference alleges was the truck demanded.