## 40361. UNITED STATES FIDELITY & GUARANTY COMPANY v. LUTTRELL.

PANNELL, Judge. 1. "Copies of contracts, obligations to pay, or other writings should be incorporated in or attached to the petition in all cases in which they constitute the cause of action, or the relief prayed for must be based thereon." *Code* § 81-105. A petition seeking recovery on an attachment bond given pursuant to *Code* § 8-111 and reciting that a copy of the bond is attached and marked "Exhibit A," which exhibit includes the bond and the writ of attachment, is not subject to demurrer on the ground that "the petition for attachment" (affidavit) is not included in the exhibit, it not appearing from the allegations of the petition that such affidavit would vary or affect the terms of the bond, or the cause of action. *Chatham Motor Co. v. Commercial Credit Co.*, 28 Ga. App. 428 (1) (111 SE 688); compare *Atlas Auto Finance Co. v. Wright*, 101 Ga. App. 604 (114 SE2d 444). If the affidavit upon which the writ of attachment was issued should for any reason constitute a defense or part of any defense, the remedy is by answer setting up the defense, and possible motion for summary judgment, not by demurrer. *Hazlehurst v. Stahl Florida Properties Co.*, 39 Ga. App. 209 (146 SE 510).

This not being an equity case, it is unnecessary to decide whether that part of Equity Rule 3 (Civil Code of 1910, § 6321) as follows: "Copies of all exhibits shall be filed with the petition or answer, and no exhibits shall be admitted unless by order of the court for some special or good cause shown," was modified by the Uniform Procedure Act of 1887 (see *Lyons v. Planters' Loan &c. Bank*, 86 Ga. 485, 12 SE 882, 12 LRA 155; *Steele v. Graves*, 160 Ga. 120 (1), 127 SE 465; *Beecher v. Carter*, 189 Ga. 234, 243, 5 SE2d 648), or was modified by the changes in language of the Code of 1933, § 24-3363, or was eliminated entirely by the rules adopted by the convention of

judges in 1937 (see *Code Ann.* § 24-3346, and note at the beginning of Ch. 24-33).

2. Such petition is not demurrable on the ground that the exhibit "A" fails to show a levy of the attachment was made or that the writ of attachment was returned to court by the levying officer, where the petition alleges that the levy was made on a certain date by the sheriff on the property described in the attachment, and another exhibit, an order of the court dismissing the attachment, recites that "attachment had been returned into court as required by law." See *Allen v. Gates*, 145 Ga. 652, 655 (89 SE 821).

3. The failure of the exhibit "A" to show a levy or return of the attachment, does not by such failure conflict with the allegation and the exhibit of the judge's order above referred to, exhibit "A" not purporting to be a certified copy of the complete proceeding and record in the attachment case, but only purporting to be a copy of the bond.

4. A paragraph of such a petition alleging that the property levied upon was sold "pursuant to an order of sale thereof obtained by said" plaintiff, all as shown by a petition for short order sale to the court of ordinary, is not in conflict with or inconsistent with the exhibit attached and referred to, such exhibit stating the name of the case on the left, and on the right, "In the Court of Ordinary, Chattooga County," addressed to the ordinary of said county and signed by the levying officer, nor is such exhibit irrelevant and immaterial to the action on the ground that it shows on its face that it was an application for sale and an order therefor in another proceeding in another court between different parties.

5. The petition describes the property sold, and for the value of which recovery is sought, "as shown in the writ of attachment, a stock of groceries located in the store building described in said writ of attachment and one McCaskey Adding Machine (cash register)," and the writ of attachment attached to the the petition as an exhibit contains the following description: "All of that stock of goods, wares and merchandise located in a store building known as W. H. White Business, approximately two miles south of Summerville, Georgia, on U. S. Highway 27 on the west side of the highway, formerly known as W. C. Luttrell Business." This description was sufficient

as against the demurrers interposed. *U. S. Fidelity &c. Co. v. Johnson,* 69 Ga. App. 245, 246 (25 SE2d 112).

6. The description of the property in the writ of attachment was sufficient to include "One McCaskey Adding Machine," since it does not affirmatively appear otherwise that such adding machine was not a part of the "stock of goods, wares and merchandise" described in the writ. If the McCaskey adding machine was not part of the stock of goods, wares and merchandise described in the writ, this matter may be set up by defense.

7. In a suit against the surety on an attachment bond (*Code* § 8-111) "conditioned to pay such defendant all damages that he may sustain and also all costs that may be incurred by him in consequence of suing out the attachment, in the event the plaintiff shall fail to recover in said case," recovery may not be had against the surety for attorney's fees for prosecuting the suit against the surety. *Fourth Nat. Bank of Cincinnati v. Mayer,* 96 Ga. 728 (24 SE 453); *Oakes v. Smith,* 121 Ga. 317 (48 SE 942). Whether such recovery could be had because a surety may have acted in bad faith, or have been stubbornly litigious, or have caused the plaintiff unnecessary trouble and expense (*Code* § 20-1404), it is not necessary to decide, there being no such allegations in the instant case. The trial court, therefore, erred in failing to sustain the demurrers to those portions of the petition alleging and claiming such attorney's fees, to wit, subparagraphs f and g of paragraph 13.

8. The petition, as construed above, set forth a cause of action on the attachment bond. If, upon the trial of the case, it should be shown that no levy of the writ of attachment was made or that there was no sufficient affidavit to support the writ of attachment so as to void it ab initio, the following cases relied upon by plaintiff in error might then apply: *Massachusetts Bonding & Ins. Co. v. U. S. Conservation Co.,* 31 Ga. App. 716 (122 SE 728); *Dunn & McCarthy, Inc. v. Pinkston,* 54 Ga. App. 92 (187 SE 175); *Heard v. National Bank of Ill.,* 114 Ga. 291 (40 SE 266); *Lester v. Luttrell,* 106 Ga. App. 574 (127 SE2d 817). While the decision of the Supreme Court in *Taylor & Co. v. Bell,* 62 Ga. 158, referred to the bond in that case as "an attachment bond," and might thus be construed as holding that a surety in such bond

could defeat a recovery where no declaration was filed, an examination of the record discloses that the bond involved was a replevy bond. That case, therefore, has no application to the case now before the court.

*Judgment reversed as to subparagraphs f and g of paragraph 13 as set out in Division 7; affirmed on other grounds. Bell, P. J., and Hall, J., concur.*

DECIDED NOVEMBER 1, 1963.

*Marson G. Dunaway, Jr.,* for plaintiff in error.
*Robert Edward Surles,* contra.